ARGUED AND DETERMINED

IN THE

# COURT OF COMMON PLEAS

FOR THE

## CITY AND COUNTY OF NEW YORK.

————————

### LOUIS F. THERASSON *v.* THOMAS McSPEDON.

A denial in an answer, "upon information and belief," is no traverse. The effect of such a form of denial is to admit the fact in the complaint to which it relates.

The defendant, as a condition of the purchase by him of all the property of a mining company, of which he was treasurer, agreed to pay its liabilities, and to pay the shareholders a specified amount for each share. *Held*, in an action brought by the plaintiff, claiming under an assignment of the interest of one of the shareholders,

I. That the promise of the defendant enured to the benefit of every shareholder and creditor of the association, and entitled any one of them to maintain an action upon it.

II. That the promise was not to pay the debt of another, but a promise to pay his own debt incurred by the purchase of the property.

APPEAL from a judgment entered on the report of a referee. The plaintiff sued as assignee of certificates of stock in the "Greenwich and California Mining and Trading Company," an unincorporated association. His complaint averred that the assets of the company had been sold, and the proceeds delivered to defendant, as treasurer of the company, and that defendant had promised to pay over the fund to the shareholders at the rate of $189.96 per share. It also averred the transfer of certain shares to the plaintiff.

The defendant's answer, among other things, denied, on information and belief, that the shares mentioned in the complaint had been assigned to the plaintiff.

On the trial before the referee, the defendant moved to dismiss the complaint, on the ground that the consent of the company to the transfer was not shown. The referee denied the motion, and the defendant excepted.

The promise of defendant to pay the fund in the treasury to the shareholders, in the proportion of their shares, appeared not to have been in writing.

The referee having reported in favor of the plaintiff, the defendant appealed.

*Daniel B. Taylor* and *John W. Edmonds*, for the appellant.

The undertaking of defendant was to pay the debt of a third person, and, not being in writing, is void.

*John Graham*, for the respondent.

I. The Code does not authorize a denial on information and belief. Code, § 149; DALY, J., *Hacket* v. *Richards*, 11 Leg. Obs., 315; *Truscott* v. *Dole*, 7 Pr. R. 221; Voorhies' Code, ed. of 1855. p. 193.

II. When stock is actually assigned, it transfers all the right of the assignor, although not entered on the books, nor any notice given of it. The purchaser has all the right to the stock, but may or may not be entitled to vote; and the sale of the stock may be subject to the debts of the corporation. *Gilbert* v. *Man chester Iron Co.*, 11 Wend. 627; *Bank of Utica* v. *Smalley*, 2 Cow. 770. And in *Stall* v. *Catskill Bank* (18 Wend. 475), it was held that all the right of the assignor is divested by the assignment, although it is informal, and not consistent with the by-laws. *Mechanics' Bank* v. *New Haven Railroad*, 3 Kernan, 599.

These decisions are in the cases of *strict corporations*, which are controlled by the legislature. The rule is less rigid in the case

of a company like the one in question, which has no right to impose restraints on the alienability of property. It is not a corporation, but is in the nature of a mere copartnership.

III. The undertaking of the defendant to pay a certain amount per share, and also the debts and liabilities of the company, in consideration of the transfer to him of the ownership of its property, was valid, and the objection that it was not in writing, is not well taken.

(*a*) It was nothing more than an undertaking or promise by the defendant to pay each shareholder or his representative, and each creditor, what in reality belonged to him, out of funds or property which came to the hands of the defendant—first as treasurer, and afterwards in his individual capacity—and which funds and property formed the basis of such undertaking or promise.

(*b*) It was not necessary that it should be in writing. It was an *original undertaking* on the part of the defendant. The statute only applies where the party making the promise stands in the relation of surety for some third person, who is the principal debtor. 2 R. S. (3d ed.) 195, § 2, sub. 2 ; *Johnson* v. *Gilbert*, 4 Hill, 178.

By the Court, DALY, First Judge.—The endorsement and transfer of the certificate with the consent of the company, was averred in the complaint, and not denied by the answer. A denial upon information and belief, is no traverse. The defendant must aver that he has no information or knowledge sufficient to form a belief. The fact was therefore admitted, and the motion for a nonsuit was properly denied.

The promise of McSpedon was, not to pay the debt of another, but a promise to the association to pay his own debt incurred by the purchase of the property of the association. This promise enured to the benefit of every shareholder and creditor of the association, and entitled any one of them to maintain an action upon it against the defendant. *Barker* v. *Bucklin*, 2 Denio, 45.

The other questions in the case, so far as they were material,

were questions of fact upon conflicting testimony, in respect to which the finding of the referee was conclusive.

Judgment affirmed.