JOSEPH SCHLITZ BREWING COMPANY, Appellant, *v.* HENRY J. ESTER, and Another, Respondents.

*Business conducted by husband and wife — presumption as to the wife's services — foreign stock corporation — certificate of authority to do business in this State, not required in a creditor's suit — extent of a new trial after a reversal in part.*

When a husband and wife live and work together the presumption is that the services of the wife are performed in her relation of wife, and that the business is that of the husband. The wife may, however, engage in a business separate from that of her husband, and conduct such business on her own account and have the benefit of it.

The provisions of section 15 of the General Corporation Law (Chap. 687 of the Laws of 1892), enacting that no foreign stock corporation doing business in this State shall maintain any action in this State upon any contract made by it in this State, until it shall have procured from the Secretary of State a certificate that it has complied with all the requirements of law to authorize it to do business in this State, and that the business of the corporation to be carried on in this State is such as may be lawfully carried on by a corporation incorporated under the laws of this State for the same or similar business, apply to actions on contract only and have no application to a judgment creditor's action brought to set aside alleged fraudulent transfers and conveyances.

Where in such an action the fraudulent transactions are set forth separately as constituting distinct causes of action, and upon appeal the judgment is reversed in part and affirmed in part, the appellate court will confine the new trial to the issues reversed upon appeal.

APPEAL by the plaintiff, the Joseph Schlitz Brewing Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of Monroe county on the 1st day of August, 1894, upon the decision of the court rendered after a trial at the Monroe Equity Term dismissing the complaint upon the merits. ·

The complaint alleged that the plaintiff was a foreign corporation duly organized and existing under the laws of Wisconsin.

The plaintiff, a judgment creditor of the defendant Henry J. Ester, charges that a conveyance by him through a third party to the other defendant, his wife, of certain premises known as lot No. 111 in " Beachwood tract," in the city of Rochester, was made in fraud of creditors; also, that a chattel mortgage and a bill of sale made by him to her of certain personal property were fraudulent as against his creditors, and that the wife obtained and appropriated to her own use the sum of $600 belonging to her husband in fraud of his creditors.

The relief sought was that such conveyance, transfer and appropriation be adjudged fraudulent and void as against the plaintiff, etc.

*Henry M. Hill*, for the appellant.

*Abraham Benedict*, for the respondents.

BRADLEY, J. :

The defendants became husband and wife upwards of twenty years ago. The deed of the lot in the Beachwood tract was made to both of them. There is evidence tending to prove, and the court found, that Mrs. Ester was then the sole beneficial owner of the premises, and that her husband was made a grantee in the deed without her consent or knowledge. It was made by the Beachwood Homestead Association, of which she was, and her husband was not, a member. The trial court found that the purpose of conveyance through the third person to her was made to correct the mistake in the first deed. This finding of the court has the support of evidence.

The defendant Henry J. Ester was for some years the proprietor of a saloon and hotel, grocery and meat market, and on the same premises persons were entertained as boarders. The wife claims that the

latter was her separate business. In August, 1890, Mr. Ester went abroad and was absent about two months. During that time his wife had charge of his business and received from the proceeds of it $600, more or less, which sum the plaintiff alleges she retained and has not accounted for to the other defendant. While there is some confusion in the proof upon the subject, the evidence warranted the conclusion that whatever amount Mrs. Ester did receive from the business of her husband during his absence, was paid to and received by him from her after his return.

The more substantial charge of fraudulent infirmity has relation to a chattel mortgage of date April 7, 1892, made by Mr. Ester to his wife, and the bill of sale of the same personal property made by him to her on April 25, 1892. The indebtedness upon which the plaintiff's judgment was recovered arose in 1889, and was against the defendant Henry J. Ester and Charles F. Schroeder, in the name of Charles F. Schroeder & Co. The action was commenced against them in 1890. The defendant Ester appeared and answered the complaint. The other defendant, Schroeder, did not appear therein. The action was reached upon the calendar in October, 1892. The defendant did not appear, and judgment was then directed and entered for the plaintiff; execution thereon against the property of both of the defendants was returned unsatisfied. The apparent title to all of the personal property was then in Mrs. Ester by reason of the bill of sale. The evidence tends to prove that at the time of the marriage of the defendants the wife had $1,300 or $1,400, and that she let her husband have a portion of the money; that afterwards two lots on Anderson avenue in the city of Rochester were purchased and the deed was taken in the name of both of them as grantees, a building was erected upon the lots, and there were the meat market, grocery, saloon and hotel and boarding house before mentioned. In 1884, through a third person, Mr. Ester made conveyance of his interest in those premises to his wife, which was made to and taken by her in satisfaction of all claims she then had against him. Thereafter, the husband carried on the business of the grocery, meat market, saloon and hotel until the bill of sale of April 25, 1892, was made. Since then the entire business has been conducted in the name of the wife. While, for many years prior, and up to that time, the defendants assert by their testimony that the

boarding was the separate business of the wife, supplies for the table came from the meat market and grocery as freely as required, and no account whatever between them was made or kept of such supplies, and the husband participated in the service of entertaining the boarders by waiting upon the table, etc. They severally had bank accounts, and by the consent of the wife her husband's name was inserted in the books of the bank so as to enable him to also draw against her account, which he did more or less. In fact, they seem to have been working together in harmony, and their business transactions appear, as between them, to have been in common. They did not deem it necessary to have entries or memorandum made of any accounts between them. This was the situation until in April, 1892, when the chattel mortgage and bill of sale in question were made by which Mr. Ester transferred to his wife a quantity of property consisting of cows, horses, wagons, furniture, tools, implements, liquors, and other personal property in and about the premises. About the same time he assigned to her a real estate mortgage held by him, and transferred to his two sons of minor age certain certificates of stock in brewing companies. When those sales and transfers were made he was left without title in his name to any property, as he testifies, nor had he any money. The testimony of the defendants was to the effect that the real estate mortgage to Mr. Ester was the product, to considerable extent, of the money of the wife; that it was with her money that the brewing company stock was obtained by him, and that all the furniture included in the chattel mortgage and bill of sale was her property. When a husband and wife live and work together, the presumption is that her services are performed in her relation of wife, and that the business is that of the husband. (*Reynolds* v. *Robinson*, 64 N. Y. 589; *Coleman* v. *Burr*, 93 id. 17; *Porter* v. *Dunn*, 131 id. 314.) She may, however, engage in a business separate from that of her husband, conduct it on her own account, and have the benefit of it. This, it is claimed, she did in keeping boarders, and it may be that she was permitted to treat it as her separate business. But the facts fairly derivable and which may be inferred from the evidence, are, that notwithstanding the supplies for that business were largely furnished by him, and the debts contracted in that behalf were mainly treated as his, the defendants seek to treat the proceeds

derived from it as her money. This is well enough as between themselves, but it is hardly consistent with the rights of his creditors to thus permit the appropriation of his property and services by his wife to their exclusion. The trial court found that a portion only of the property included in the chattel mortgage and bill of sale belonged to the husband, and that the transfer of it to his wife " was made in consideration of her agreement to pay all of his indebtedness existing at that time." If the debt in question of Charles F. Schroeder & Co. to the plaintiff came within such indebtedness, it may be that the consideration would make the sale effectual and valid as against his creditors, as she must be deemed responsible and able to pay. (*Therasson* v. *McSpedon*, 2 Hilt. 1 ; *Barker* v. *Bucklin*, 2 Den. 45 ; *Seaman* v. *Hasbrouck*, 35 Barb. 151.)

But it may be that such expression of indebtedness would be construed to embrace only the individual debts of the defendant Henry J. Ester, and not to include the partnership debt due to the plaintiff. At all events Mrs. Ester has so far as appears indicated no purpose to pay it. It is suggested that some of the property embraced in the bill of sale was exempt from levy and sale on execution. As to such property the sale is not fraudulent because it would not have been available to the plaintiff if it had not been transferred by the defendant. If, as the court found, the title of Mrs. Ester to the property of that character was not dependent upon the bill of sale, no question as to its exemption will arise.

In view of all the circumstances, as represented by the weight of the evidence, the conclusion is fairly required that the chattel mortgage and bill of sale were made and taken by the defendants with the intent to hinder and delay the plaintiff in the collection of its debt.

The charge made against the validity as against the creditors of Mr. Ester of the deed from him through another to Mrs. Ester of the lot in the Beachwood tract, and the charge that the money received by her from his business during his absence was retained by her in fraud of his creditors are not sustained by the evidence. They are alleged in the complaint as causes of action distinct from that relating to the chattel mortgage and bill of sale, and as this is an equity action, no reason appears why a new trial may not be confined to the latter cause of action alone.

The statute requiring the production by a foreign corporation of a certificate is applicable only to actions upon contract. (Laws 1892, chap. 687, § 15.)  This is not such an action.

The judgment, so far as it relates to the issue arising out of the alleged cause of action, founded upon the charge that the chattel mortgage and bill of sale of the same property were made in fraud of the creditors of defendant Henry J. Ester, should be reversed and a new trial granted, costs to abide the final award of costs, and in other respects the judgment should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment, so far as relates to the issue arising upon the allegations that the chattel mortgage and bill of sale were in fraud of creditors, reversed and a new trial of that issue granted, costs to abide the final award of costs; in other respects, judgment affirmed.