(97 App. Div. 17.)

### BISCHOFF v. AUTOMOBILE TOURING CO.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. FOREIGN CORPORATIONS—FAILURE TO OBTAIN CERTIFICATE—NEGLIGENCE—DEFENSES.

Failure of a foreign corporation, before doing business in the state, to obtain a certificate authorizing it to do business in the state, as required by Gen. Corp. Law, Laws 1901, p. 1327, c. 538, § 15, which provides as a penalty that it shall not maintain an action in the state on a contract made in the state prior to its procuring such a certificate, does not make it a trespasser in using a highway in the state, so as to affect the questions of negligence and contributory negligence in an action against it for collision between its vehicle and that of plaintiff.

Appeal from Municipal Court of City of New York.

Action by Henry Bischoff against the Automobile Touring Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Richard L. Sweezy, for appellant.

Ira Leo Bamberger, for respondent.

HIRSCHBERG, P. J. The action is for damages resulting from a collision on one of the public streets of Brooklyn between a truck belonging to plaintiff's assignors and an automobile operated by or belonging to the defendant. The defendant is a foreign corporation, and the plaintiff was permitted to prove, against the defendant's objection, that it had no certificate from the Secretary of State authorizing it to do business in this state, as provided by section 15 of the general corporation law (chapter 538, p. 1327, Laws 1901). The object of this evidence, as appears by the brief of the learned counsel for the respondent, was to establish that the defendant was a trespasser, and entitled only to the protection accorded to such in the law of negligence cases. Its reception was error. The penalty provided

by the statute for foreign corporations doing business in this state without a certificate is a prohibition against the maintenance of any action in this state upon any contract made by such a corporation until the certificate has been procured. The use of the public streets or highways in the state by foreign corporations to which no certificate has been issued does not constitute a nuisance, or involve the commission of a trespass; and such corporations, when sued for negligence, are entitled to avail themselves of contributory negligence on the part of the plaintiff as a defense. In other words, the statutory requirement which is made a condition precedent to the maintenance of an action upon contract by a foreign corporation has no application to an action against such corporation for tort. A violation of a statute does not necessarily place the offender beyond the protection of the law. Carroll v. Staten Island R. R. Co., 58 N. Y. 126, 17 Am. Rep. 221; Wood v. Erie Railway Company, 72 N. Y. 196, 28 Am. Rep. 125; Platz v. The City of Cohoes, 89 N. Y. 219, 42 Am. Rep. 286; Tebo v. Jordan, 147 N. Y. 387, 392, 42 N. E. 191. The judgment should be reversed, and a new trial ordered.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.