FIREMEN'S MUTUAL BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, Respondent, *v.* JAMES D. CLIFFORD, Appellant.

First Department, May 19, 1922.

Replevin — action to recover Liberty bonds — defense that bonds were lawfully transferred to defendant — improper to grant order under Code of Civil Procedure, § 717, now Civil Practice Act, § 978, directing defendant to deposit bonds with clerk of court where it was not shown that defendant admitted possession or control — remedy is order of arrest under Code of Civil Procedure, § 549, subd. 2, now Civil Practice Act, § 826, subd. 7, or order compelling delivery of bonds to sheriff.

In an action in replevin to recover certain Liberty bonds it is improper to grant an order under section 717 of the Code of Civil Procedure, now section 978 of the Civil Practice Act, directing the defendant to deposit the bonds with the clerk of the court, where it appears that the defendant in his answer alleges that the bonds were lawfully transferred to him, and where it does not appear either in the pleadings or the affidavits on which the order was granted that the defendant admitted that the bonds were in his possession or under his control at the time they were demanded by the officer when he attempted to execute the writ of replevin.

The remedy of the plaintiff, if it claimed that the defendant had control or possession of the bonds when demand was made therefor by the officer under the writ of replevin, was to apply for an order of arrest under subdivision 2 of section 549 of the Code of Civil Procedure, now subdivision 7 of section 826 of the Civil Practice Act, or to apply to the court for an order requiring the defendant to deliver the bonds to the sheriff and to have him punished for contempt if without good cause he failed so to do.

MERRELL, J., dissents, with opinion.

APPEAL by the defendant, James D. Clifford, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of May, 1921, directing the defendant to deposit with the clerk of the court twelve Liberty bonds of the par value of $1,000 each, of which the defendant had obtained possession.

*Richard E. Walsh*, for the appellant.

*Joseph A. McNamara*, for the respondent.

LAUGHLIN, J.:

This is an action in replevin to recover bonds. The complaint shows that the plaintiff is a domestic corporation and the defendant is an attorney and counselor, and resides and has an office in the borough of Brooklyn, New York city; that the plaintiff is the owner and entitled to the immediate possession of the bonds, which are described by their issues and numbers, but that defendant has obtained possession thereof and wrongfully detains them, although

demand therefor was duly made before the commencement of the action. Judgment is demanded for the possession of the bonds, and for their value if possession cannot be delivered. The answer joins issue on the allegations with respect to the plaintiff's ownership and defendant's possession of the bonds, and pleads six separate defenses. The first is the pendency of a prior action between the parties for the same cause; the second is that the cause of action did not accrue within one year prior to the commencement of the action; the third is that the defendant has been released and discharged from liability; the fourth is that the plaintiff duly assigned, transferred and delivered the bonds and parted with all interest therein to the defendant, who thereupon became and was the owner thereof; the fifth is that in or about the year 1900 the plaintiff employed the defendant in certain professional, executive and administrative capacities and agreed to pay him therefor a stipulated sum of money monthly; and that the contract was renewed annually; and that he duly performed the services; and, in effect, that the bonds were delivered by plaintiff and accepted by defendant in payment for services rendered pursuant to and in connection with said contract of employment; and in the sixth defense the defendant pleads the contract of employment set up in the fifth defense, and alleges that the plaintiff delivered the bonds to the defendant in consideration of his surrendering his rights under the contract and the renewals thereof.

On the pleadings and on affidavits made by the president of the plaintiff, its attorney and a deputy sheriff, the plaintiff moved under section 717 of the Code of Civil Procedure for an order requiring defendant to deliver the bonds to the clerk of the court, subject to the further direction of the court. The affidavit of the plaintiff's president is to the effect that one Sullivan, who was chairman of the board of directors of the plaintiff and an old friend of the defendant, delivered the bonds to the defendant; that Sullivan was later dismissed from his office, and, in turning over the property of the plaintiff to his successor, instead of delivering the bonds, he delivered a receipt therefor from the board of directors of the plaintiff, signed by defendant under date of July 22, 1919, providing that he was to hold them in escrow pursuant to a resolution of said board of directors " to see that the contract is kept by the association." The affidavit further shows that the bonds belonged to the plaintiff, and that defendant has refused to return them, and is an old man of no financial responsibility; and that on account of his age the officers of the plaintiff are unwilling to apply for an order of arrest; and that he may dispose of the bonds pending the action; that plaintiff is financially responsible and has filed a bond

with the sheriff of Kings county for twice the value of the bonds; and that defendant was president of the plaintiff, but was defeated for re-election on or about the 9th of July, 1919, and thereafter through connivance with Sullivan obtained possession of the bonds, which prior thereto were purchased with funds of the plaintiff. The affidavit of the plaintiff's attorney was made for the purpose of obtaining an order to show cause with a stay and is not material to the appeal. The affidavit of the deputy sheriff of Kings county is to the effect that, pursuant to the direction in the writ of replevin issued herein, he called on defendant and demanded the bonds, and defendant stated that he did not have them with him, and declined to state where they were. The defendant presented his affidavit in opposition to the motion, in which, so far as it is material to the appeal, he denies the deputy sheriff's version of the interview with him and avers that he informed the deputy that he had not had the bonds for some time, and further avers that he had disposed of the bonds prior to the commencement of the action; that there is pending another action against the defendant brought by one Gleason, evidently an officer of and in behalf of the plaintiff, to enjoin defendant from disposing of the bonds and to require him to return them, and to require him and other former officers of the plaintiff to account for their official acts; and that in the complaint in that action the nature of the contract referred to in said receipt is alleged to have been an agreement made by plaintiff on or about the 17th of November, 1900, to pay defendant annually for life an amount equal to the salary of a captain in the fire department of the city of New York; and that it was provided that the agreement should inure to the benefit of the defendant's heirs. These are the only material facts shown, and thereon the court granted the motion.

I am of opinion that the court was without authority to make the order. It clearly appears that there was some contract made between the plaintiff or its board of directors and the defendant, and the receipt for the bonds given by defendant shows that he received them and held them originally as security for the performance of that contract. There is no evidence on behalf of the plaintiff that it performed the contract and became entitled thereunder to the return of the bonds; and the position taken by the defendant in his answer is that the contract was canceled by mutual consent, and that in consideration of the surrender of his rights under the contract the plaintiff relinquished its interest in the bonds and he became the owner thereof in his own right and has parted with both title and possession. If the plaintiff claimed that the defendant had control and possession of the bonds when the demand was

made therefor by the deputy sheriff under the writ of replevin, its remedy was to apply for an order of arrest under section 549, subdivision 2, of the Code of Civil Procedure, now subdivision 7 of section 826 of the Civil Practice Act, or to apply to the court for an order requiring him to deliver the property to the deputy sheriff and to have him punished for contempt if without good cause he failed so to do. The plaintiff, however, instead of pursuing either of these remedies, sought and obtained the order requiring the defendant to deliver the bonds to the clerk of the court, which was a remedy then provided for in section 717 of the Code of Civil Procedure, now in section 978 of the Civil Practice Act, where a party admits that he has in his possession or under his control money or other personal property capable of delivery, which is the subject of the action or special proceeding and is held by him as trustee for another party, or which belongs or is due to another party. It is perfectly clear, I think, that the plaintiff was not entitled to that remedy on these facts, for it is neither admitted by the pleadings nor by any examination of the defendant nor by his affidavit that the bonds were in his possession or under his control, or that he held them as trustee for another party, or that he held them and they belonged or were due to another party.

It follows, therefore, that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, SMITH and GREENBAUM, JJ., concur; MERRELL, J., dissents.

MERRELL, J. (dissenting):

The plaintiff, Firemen's Mutual Benevolent Association of the City of New York, is a corporation organized under the Membership Corporations Law. The twelve bonds of $1,000 each were bought with the funds of the association. Prior to June, 1919, for a number of years, the defendant had been the president of the plaintiff. He was defeated for re-election in June, 1919, and immediately thereafter certain members of the board of directors, who had long served with the defendant, are charged with having passed a resolution bestowing upon their former president said Liberty bonds, being one-half of the Liberty bonds then owned by the plaintiff. Said bestowal was in consideration of defendant's past faithful service. It appears that the defendant, during his incumbency as president, had received a salary from the plaintiff in an amount equal to that received by a captain of the fire department. The bonds in question, together with a like amount which were not delivered to the defendant, were in the possession of one Patrick J.

Sullivan, chairman of the board of directors of the plaintiff. Sullivan continued in office after the defeat of the defendant as president and turned over said bonds to the defendant. Thereafter Sullivan was removed from office and in turning over the plaintiff's bonds to his successor, in lieu of the $12,000 of said bonds which he had delivered to the defendant, produced the defendant's receipt therefor. The action is to recover possession of said bonds or for the sum of $12,000, in case possession cannot be given to the plaintiff.

In the amended answer of the defendant he alleges that the plaintiff herein transferred, gave and delivered said bonds to the defendant pursuant to a contract, and that they were received by the defendant in settlement of his rights and claims thereunder.

A writ of replevin was issued herein and delivered to the sheriff of Kings county, directing him to take possession of said bonds. The defendant refused to disclose their whereabouts, and said writ of replevin remained unexecuted by reason of the inability of the sheriff to locate said bonds. Thereupon application was made to the Special Term under section 717 of the Code of Civil Procedure for an order requiring the deposit of said bonds by the defendant in court. A certified copy of the order was served upon the defendant, who applied for a stay thereof, which was denied. Failing to deliver the same, application was made for an order adjudging the defendant in contempt of court, and the defendant was finally adjudged in contempt of court, and his commitment ordered, unless the bonds were deposited. (See 201 App. Div. 315.) Thereupon said bonds were deposited with the county clerk by whom they were turned over to the chamberlain of the city of New York, in whose possession they now remain. The deposit was only made after the commitment of the defendant for contempt.

The question presented upon this appeal is as to whether section 717 of the Code of Civil Procedure, by its terms, is sufficiently broad to authorize the granting of the order appealed from. That section provides that " Where it is *admitted, by the pleading* or examination of a party, that he has, in his possession *or under his control,* money, or other personal property capable of delivery, which, being the subject of the action or special proceeding, is held by him as trustee for another party, *or which belongs or is due to another party,* the court may, in its discretion, grant an order, upon notice, that it be paid into, or deposited in court, or delivered to that party, with or without security, subject to the further direction of the court." (Italics are the writer's.)

It will be noted that section 717 not only relates to personal property capable of delivery, which, being the subject of the action is held by a party as trustee for another, but the section also provides

for the deposit of such property in court where it belongs to or is due to another party.   I think the Special Term, upon the moving papers, might have been justified in holding that the bonds in suit were held by the defendant in a fiduciary capacity.   At the time the defendant received the bonds in suit, he executed to the board of directors of the plaintiff a receipt in the following terms:

" *July* 22, 1919.

" Received from Board of Directors $12,000 of Liberty Bonds to be held in escrow pursuant to resolution of Board of Directors to see that the contract is kept by the Association.

" JAMES D. CLIFFORD."

This receipt would indicate, at least, that the defendant did not, in the first instance, obtain possession of the bonds in suit by virtue of title thereto, but that the same were delivered to and were to be held by him in escrow as security for the performance of some contract of the plaintiff.   Be that as it may, section 717 of the Code of Civil Procedure is in the disjunctive, and where it is admitted by the pleading of a party that he has possession of personal property capable of delivery which belongs to another party, the court may, in its discretion, grant an order, upon notice, that said property be deposited in court, subject to the further direction of the court.

The complaint in this action alleges that on or about October 25, 1920, and at the commencement of this action, the plaintiff was and still is the owner and entitled to the immediate possession of said Liberty bonds, and that the defendant became possessed thereof and wrongfully detained the same from the plaintiff.

The defendant's answer sets forth and alleges six separate and distinct defenses to plaintiff's cause of action.   In his fourth defense, the defendant alleges that, prior to the commencement of the action, the plaintiff herein, for a good and valuable consideration, duly assigned, transferred, gave and delivered the bonds described in the complaint herein to the defendant, and that defendant was and duly became the owner thereof and entitled to the possession thereof. In the fifth separate  defense the defendant alleges that any bonds delivered by plaintiff to defendant, and received or accepted by defendant, were delivered and accepted in accordance with the terms of a contract with the plaintiff.   In the sixth separate defense the defendant alleges that, in consideration of the surrender of certain rights of the defendant against the plaintiff, the plaintiff delivered to the defendant the property mentioned in the complaint.

It will thus be seen that the pleading of the defendant admitted that the bonds in suit came into his possession.   Presumptively, they remained and were in his possession at the time of the com-

mencement of this action.    Nowhere in his answer does the defendant specifically deny the possession of said bonds.    Notwithstanding the allegations of his answer, that he rightfully became possessed of said bonds, in his affidavit, read in opposition to plaintiff's application for an order requiring defendant to deposit said bonds in court, the defendant makes affidavit as follows:

" Deponent denies that he ever admitted having the possession of the bonds, or their custody or control, at or since the commencement of this action; that the said bonds were, long before the commencement of this action and before the making of any alleged demand, disposed of by deponent, and that the same were not secreted, removed or disposed of for the purpose of defeating this action, and are not now and have not been for many months past, in the possession of deponent."

Not only does the answer of the defendant indicate the falsity of such averment in his affidavit, but the fact that said bonds were promptly produced and deposited with the county clerk upon defendant's commitment for contempt clearly disproves such averment and proves that said bonds were, in fact, in defendant's possession or, at least, subject to his control, and, therefore, amenable to the provisions of section 717 of the Code of Civil Procedure.

The order appealed from was discretionary.    I think said section of the Code was designed to meet just such a situation as is presented here.    The moving affidavits show that the defendant is financially irresponsible, and that, unless the subject-matter of the action is impounded and the bonds in suit held pending the trial of the action, nothing will prevent their dissipation by the defendant.    The defendant, in his affidavit, does not deny that he is financially irresponsible, but contents himself with the averment that he " is a middle-aged man, in good health, whose credit has never been assailed, and who has never had any judgment recorded against him, and has never been declared a bankrupt and has never made an assignment for the benefit of creditors." The defendant does not claim to be financially responsible, nor does he state that he is the owner of any property whatever.    Not only does the financial irresponsibility of the defendant appear, but it is stated in the moving affidavits, and is undenied by the defendant, that the plaintiff has given security in a penal bond in the sum of $24,000, executed by the American Surety Company, which will amply secure the defendant in this action.

The order appealed from merely directs that the bonds in suit be deposited in court, subject to the further direction of the court. Under such circumstances, unless the plaintiff is able upon the

21

trial to establish ownership and right to possession of said bonds, the court will direct that the same be returned to the defendant, with such damages as the defendant may have suffered by reason of being deprived thereof. No possible injury can come to the defendant from the order appealed from, and compliance with its provisions may be quite essential to securing plaintiff's rights.

The order should be affirmed, with ten dollars costs and disbursements to the respondent.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.