MEISEL TIRE COMPANY, Plaintiff, *v.* MAR-BEL TRADING COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, May 29, 1935.

*Jesse J. Fine*, for the plaintiff.

*Meyer Machlis*, for the defendant.

EDER, J. Plaintiff sues to recover the value of certain chattels alleged to have been converted by defendant.

On October 31, 1934, one Perry purchased from plaintiff two Goodrich tires, tubes and one heater for an automobile. The purchase was " on time." He executed a conditional sales contract by which instrument title to the mentioned articles is reserved in plaintiff until payment in full. Perry had purchased an automobile under a conditional sales contract of which the defendant was

originally the owner by assignment. The articles purchased from the plaintiff were put upon this automobile. There remained unpaid to the defendant the sum of $500. Perry defaulted and the defendant repossessed itself of the automobile and sold it on January 11, 1935, for $200, the sale being conducted by a licensed auctioneer, after notice to Perry, and advertisement in the *Journal of Commerce*. Neither plaintiff nor defendant recorded the conditional sales contract.

The plaintiff contends that when the defendant sold the automobile it also included in the sale the chattels sold to Perry under its conditional sales contract and that this constituted a conversion of such property by the defendant. The defendant contends plaintiff cannot recover in that it is a foreign corporation doing business in this State and neither alleged nor proved that it has obtained a certificate of authority to transact business here, and, further, that under section 65 of the Personal Property Law the plaintiff's conditional sale reserving title is void as against the defendant; that it was a purchaser at the auctioneer's sale without notice of plaintiff's conditional sales contract.

The first contention is without force because the statute, section 218 of the General Corporation Law, only prohibits a foreign corporation from maintaining any action upon any *contract* made by it in this State and does not interdict any action purely *ex delicto*, as the one in suit, *i. e.*, for *conversion*. The general rule is that " Statutes whose express terms merely deny the right of a noncomplying foreign corporation to maintain any action on any *contract* made in the state do not bar the right of such corporations to maintain actions which are purely *ex delicto*." (14-A C. J. 1311, §§ 4015, 4016.) (See, also, *Schlitz Brewing Co.* v. *Ester*, 157 N. Y. 714; *Bischoff* v. *Automobile Touring Co.*, 97 App. Div. 17; *American Typefounders Co.* v. *Conner*, 6 Misc. 391.)

As to section 65 of the Personal Property Law, entitled " conditional sales void as to certain persons," it provides: " Every ·provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided. This section shall not apply to conditional sales of goods for resale."

Defendant obviously was not a lienor; it was the conditional vendor, title being reserved in it until payment, and, manifestly, having title, it could not have a lien on what it owned.

Defendant claims, however, it was a " purchaser " at the auctioneer's sale and relies on section 61 of the Personal Property Law,

entitled " Definitions " and which defines a " purchaser " as follows: " ' Purchaser ' includes mortgagee and pledgee." Defendant was neither a mortgagee nor pledgee. It was the owner and the conditional sales contract was neither an instrument of mortgage nor a pledge. The distinguishing feature is that in the case of a conditional sales contract title is in the vendor until payment, while in the case of a chattel mortgage it is in the mortgagor until default.

Yet, the defendant was, I think, a " purchaser " within the meaning of section 65. It was a creditor of the buyer under the contract. If, at the auctioneer's sale under the conditional sales contract, a stranger had purchased the automobile, without notice or knowledge of plaintiff's conditional sales contract, it is clear under section 65 that plaintiff could not maintain an action against such purchaser for conversion, for such conditional sales contract would be void for want of recordation. And I perceive no logical distinction in legal principle where the conditional vendor purchases without notice at such sale. To my mind defendant stands in the same position as a stranger and its status in that respect is not changed merely because it was the conditional vendor. It is conceded that neither the plaintiff nor the defendant had any notice or knowledge of the respective conditional sales contracts. Hence, plaintiff's omission to record its conditional sales contract is fatal to a recovery.

Defendant also makes the claim that under the doctrine of " accession," the tires, tubes and heater merged into the automobile so as to become an inseparable part of the security belonging to the defendant, viz., the automobile, and hence there could be no conversion. In the view I have already taken of the case, this point needs no determination. But it may as well be observed that this claim of " accession " is not supported by authority and that the converse is the rule; they are distinct and separate articles, easily removed. (*Snyder, Inc.*, v. *Aker*, 134 Misc. 721; *K. C. Tire Co.* v. *Way Motor Co.*, 143 Okla. 87; 287 Pac. 993; *Bousquet* v. *Mack Motor Truck Co.*, 269 Mass. 200; 168 N. E. 800; *Hallman* v. *Dothan Foundry & Machine Co.*, 17 Ala. App. 154; 82 So. 642.)

From the foregoing view it follows that defendant is entitled to judgment. Judgment accordingly.