**INTRA–MAR SHIPPING (CUBA) S. A. v. JOHN S. EMERY & CO., Inc.**

United States District Court
S. D. New York.

Feb. 1, 1951.

286

Hill, Rivkins & Middleton, New York City, for plaintiff, Arthur O. Louis and Mark T. Walsh, New York City, of counsel.

Lyeth & Voorhees, New York City, for defendant, Mark W. Maclay & Dudley J. Clapp, Jr., New York City, of counsel.

RYAN, District Judge.

Plaintiff moves; (1) to amend its complaint to allege a greater sum due and to impound this sum as increased pending the outcome of the action; (2) to strike out the answer and counterclaims on the grounds (a) that they have not been signed as required by, Fed.Rules Civ.Proc. Rule 11, 28 U.S.C.A., and (b) that some of the denials and all the affirmative defenses and counterclaims are "sham and false"; (3) to dismiss the counterclaims because defendant, a foreign corporation, comes within the prohibition of Section 218 of the New York General Corporation Law, McK. Consol.Laws, c. 650.

The motion to amend, having been granted on consent, requires no discussion.

Plaintiff, a charterer of ships, seeks to recover in this action at law freight brokerage allegedly due on two of its ships—the Fassio and the Firenze—for which defendant acted as berth and loading agent. Defendant admits the receipt of certain freights, but denies that they are due and owing to plaintiff or that it acted as plaintiff's agent. Defendant also pleads six counterclaims. Jurisdiction is based on diversity.

(1) Motion to impound—

Plaintiff moves pursuant to Rule 64, Fed. R.Civ.P., to impound the sum claimed under the authority of Section 978 of the New York Civil Practice Act. It urges as the basis for this motion that the funds which it claims, will be dissipated in violation of defendant's fiduciary duty as trustee. The pertinent portion of the statute provides that "Where it is admitted by the pleading or examination of a party, that he has, in his possession or under his control, money, or other personal property capable of delivery, which, being the subject of the action * * * is held by him as trustee for another party, or which belongs or is due to another party", the court in its discretion may order it deposited in court or delivered to that party.

■ It is unnecessary to now determine whether defendant became a trustee of the moneys it collected. It is clear from plaintiff's affidavits and briefs that the fund in question has been spent by defendant and that there is no longer any property capable of delivery. It was the discovery of this fact on examination of defendant's officers that prompted plaintiff to renew with added vigor this motion, which had been previously made and denied. Aside from this, we have no unequivocal admission on defendant's part that the funds are held by it. Firemen's Mutual Benefit Association v. Clifford, 201 App.Div. 315, 194 N.Y.S. 295; Carmody, New York Practice, Vol. 11, pp. 724, 852. Motion denied.

(2) (d) Motion to strike under Rule 11—

■ Defendant's answer was signed by an associate of the firm which represents it, in the absence of the only member of the firm who had knowledge of its contents. The final draft was prepared by the member after consultation with the associate who was also fully acquainted with the matters contained, and it was then signed by the latter. Both have submitted affidavits to this effect. We think this sufficient compliance with the spirit of Rule 11. United States to Use of and for Benefit of Foster Wheeler Corp. v. American

Surety Co. of New York, D.C., 25 F.Supp. 225. The dismissal of a pleading is not warranted for a minor infraction. Moore's Federal Practice, Vol. 2, 2d Ed. p. 2104. Motion denied.

■ (b) Plaintiff next moves to strike defendant's pleadings on the ground that they are "sham and false and not constituting valid denials." Under what rule plaintiff proceeds is not clear, for technically there are no such grounds provided for in the federal rules. See, Yale Transport Corporation v. Yellow Truck & Coach Mfg. Co., D.C., 3 F.R.D. 440, 441, where it was said of a similar motion made, however, specifically under Rule 12(f):

"Since the second defense is clearly not impertinent or immaterial, the question presented is whether the Rules permit a motion to strike a defense on the ground that it is sham, that is, false in fact. Rule 12(f) does not in terms authorize such a motion. In that respect it departs from Rule 103 of the New York Rules of Civil Practice and adheres more closely to former Equity Rule 21, 28 U.S.C.A. § 723 Appendix. * *

"The distinction between the New York rule and the Federal rule has been noted, National Millwork Corp. v. Preferred Mutual Fire Ins. Co., D.C.E.D.N.Y., 1939, 28 F.Supp. 952; Thierfeld v. Postman's Fifth Avenue Corp, D.C.S.D.N.Y., 1941, 37 F.Supp. 958, * * *

"The history of the Federal Rules does not permit the inference that the omission of sham from Rule 12(f) is the product of oversight or of merely literary choice. I am of the opinion that Rule 12(f) was so drawn so as not to authorize the striking of false matter from a pleading * *. If this conclusion is correct it follows that the word 'sham' cannot be introduced into the Rule * * *."

The court, in that case, points out that under Rule 56(d) sham issues may be withdrawn from trial, but this only in conjunction with a motion for summary judgment, or that, similar relief may be obtained under Rule 16, when issues may be ordered simplified. Plaintiff, here, does not seek such relief.

■ Treating the ground urged by plaintiff for striking—"as not constituting valid denials"—as the ground provided for in Rule 12(f)—"as an insufficient defense"—plaintiff cannot fare any better. Such a motion should not be granted if the defense is sufficient as a matter of law (and there is no contention that it is not), or if it fairly presents a question of fact which ought to be heard by the court. Moore's Federal Practice, Vol. 2, 2d Ed., p. 2320. Examination of the respective parties' contentions shows at least one thing for a certainty—that there are many disputed issues of fact.

■ It may be that some of the testimony given by defendant's officers on the examinations had herein, is inconsistent with defendant's allegations, but it is far from clear that it is so contradictory and false as to render them insufficient. We cannot hold as a matter of law that no valid and reasonable ground appears for defendant's denials and defenses. There is no intimation that any of them would prejudice plaintiff. In such case the allegation should not be stricken. Irving Berlin, Inc. v. Anziano, D.C., 4 F.R.D. 33; Moore, supra, 2318.

■ What plaintiff is saying, in substance, is that it has evidence to disprove the truth of defendant's allegations, but, this only presents factual issues which must be determined by the trial court. A pleading should not be stricken for insufficiency "unless it appears to a certainty that (the pleader)* * * is entitled to no relief under any state of facts which could be proved in support of the claim." Moore's Federal Practice, Vol. 2, 2d Ed., p. 2245; Sebo v. United Air Lines, D.C., 10 F.R.D. 327; Forstmann Woolen Co. v. Murray Sices Corporation, D.C., 10 F.R.D. 367. Motion denied.

(3) Motion to dismiss counterclaims for lack of capacity to sue—

Plaintiff's final motion is to dismiss the six counterclaims. It is argued that defendant, being an unlicensed foreign corporation doing business in this state at the time it contracted with plaintiff, comes

within the prohibition of Section 218 of the New York General Corporation Law and may not maintain suit on such contract.

 This objection need only be considered with reference to those claims based on contract, that is, the last four. The first and second counterclaims allege a conspiracy to defraud—a tort—and are not within the purview of the statute. Meisel Tire Co. v. Mar-Bel Trading Co., 155 Misc. 664, 280 N.Y.S. 335; United States Light & Heating Co. of Me. v. U. S. L. & H. Co. of N. Y., C.C., 181 F. 182.

It has been repeatedly held that the statute does not bar the interposition of a counterclaim, Alsing v. New England Quartz & Spar Co., 66 App.Div. 473, 73 N.Y.S. 347, affirmed without opinion 174 N.Y. 536, 66 N.E. 1110; Warren Trading Corp. v. Kraglan Building Corp., 220 App. Div. 3, 220 N.Y.S. 455; American Ink Co. v. Riegel Sack Co., City Ct., 141 N.Y.S. 549, provided it arises out of the same transaction as that pleaded in the complaint.

Conceding this to be so, plaintiff argues that none of the counterclaims arise out of any transaction had between the two, since the matured claims held by defendant and the moneys it alleges are due it derive from the chartering of ships by Intra-Mar New York and not by plaintiff. Certainly this contention cannot apply to the third counterclaim, for there defendant pleads commissions allegedly due to it on the two ships chartered by plaintiff the freight of which forms the basis of the complaint. As to the three remaining counterclaims, involving ships not sued upon by plaintiff herein, it is defendant's contention that the work it performed both on the ships sued upon and those on which it counterclaims was pursuant to one underlying agreement entered into with Intra-Mar New York; that plaintiff was substituted as nominal charterer on the Firenze and the Fassio after defendant had commenced to work thereon and without its knowledge or consent; and that, in any event, plaintiff acted as agent for Intra-Mar New York in its capacity as charterer of the Firenze and the Fassio.

If these allegations of defendant are accurate, there can be no doubt of its right to set off against plaintiff any claims it has against Intra-Mar New York. "In an action upon a contract brought by an agent for the benefit of the principal, the other party to the contract may set off claims which (it) could set off against the principal if the action were brought by (it), and only such claims." Restatement, Agency, Sec. 371; Williston on Contracts, Sec. 293; Perlman v. Finn, Hannevig & Co., Sup., 188 N.Y.S. 260.

We cannot now say that defendant will be unable to sustain the above allegations. It is apparent that there exist substantial and sharply disputed factual issues which cannot be resolved on this motion. Under the circumstances, the reasons and authority above set forth in our denial of the motion to strike the affirmative defenses under Rule 12(f) apply with equal force to the instant motion. Motion denied.