## VAN HORN
### v.
## CHICAGO ROLLER SKATE CO.
### No. 53 C 1142.

United States District Court
N. D. Illinois, E. D.
Oct. 30, 1953.

Breen, Brumlik & Schaffenegger, Chicago, Ill., for plaintiff.

Olson & Trexler, Chicago, Ill., for defendant.

LA BUY, District Judge.

Plaintiff herein has filed a motion for a more definite statement as to defendant's First Defense. Said First Defense alleges the complaint fails to state a claim in either count thereof against these defendants upon which relief can be granted.

It is clear that plaintiff's choice of motion to accomplish what he desires is improper. A motion for a more definite statement will lie only where the moving party is required or permitted to file a responsive pleading. Rule 12(b), Federal Rules of Civil Procedure, 28 U. S.C.A. The procedural device to test the sufficiency of a defense is provided by

Rule 12(f), that is, a motion to strike "any insufficient defense". However, a court may treat a motion not complying with the rule as though it were properly framed thereunder where no prejudice or harm would result from the court so doing. But, regardless of whether the court considers the instant motion as a motion to strike, it appears that Rule 84 of the Federal Rules of Civil Procedure sanctions the language of the defendant's First Defense.

Rule 84 provides:

"The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

The rule, as amended in 1948, included as new matter the statement that the forms are "sufficient under the rules". The notes of the Supreme Court's Advisory Committee on Amendments to the Rules state with respect to that amendment as follows:

"The amendment serves to emphasize that the forms contained in the Appendix of Forms are sufficient to withstand attack under the rules under which they are drawn, and that the practitioner using them may rely on them to that extent. * * *"

The insertion of the phraseology "sufficient under the rules" strengthens the conclusion that all forms contained in the Appendix, when properly used, may be relied upon as being invulnerable to attack under the rules.

The court adopts this conclusion with reluctance. The Federal Rules of Civil Procedure are designed to abstract the vagaries and the mysteries inherent in the old common law system of pleading which served to obstruct the processes of justice and to substitute therefor a system of pleading which would give fair notice to the litigants and to the court of the issues involved in the law suit. Indeed, if the defendant had moved to dismiss the instant complaint on the ground that it failed to state a claim upon which relief could be granted, he would be required under Rule 7(b) (1) to state with particularity the grounds therefor. It seems logical to the court that whether the defendant challenges the sufficiency of the complaint by way of answer or by way of motion the requirements should be the same.

An order has this day been entered overruling the plaintiff's motion directed to the First Defense in defendant's answer.