Bernard P. ROSENBLATT, Executor under the Will of Alexander E. Rosenblatt, deceased, Plaintiff,

v.

UNITED AIR LINES, Inc., and Trans World Air Lines, Inc., Defendants.

United States District Court
S. D. New York.
July 3, 1957.

Speiser, Smith & O'Brien, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendant, United Air Lines, Inc.

CASHIN, District Judge.

This is a motion by plaintiff under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to strike two affirmative defenses pleaded by one of the defendants, on the ground that they are not relevant to the issues and are sham.

Plaintiff, a New York resident, sues as Executor of the estate of the decedent who was a resident, at the time of his death, of New Hampshire. The cause of action is based upon the wrongful death statute of the State of Arizona, in which State the plaintiff's decedent died when air liners of the two defendants collided in mid-air and crashed. Federal jurisdiction is based upon diversity of citizenship. The answer of the defendant, United Air Lines, Inc., to which this

motion is addressed, was filed on January 23, 1957.

At the outset it should be noted that Rule 12(f), under which plaintiff moves, provides that a motion such as this must be made within twenty days of the service of the pleading to which it is directed. Since the answer of United Air Lines, Inc. was filed on January 23, 1957, and the notice of motion is dated May 7, 1957, it is obvious that the motion is not timely made. Rule 12(f) also provides, however, that the Court may, on its own initiative, at any time grant the relief requested by the motion. I will, therefore, consider whether that initiative should be exercised.

The affirmative defenses under consideration are—

1st: That the complaint fails to state a claim upon which relief can be granted; and

2nd: That plaintiff has no legal capacity to maintain the suit.

There would be no point whatsoever to striking the first defense attacked. Not only is the defense as stated specifically endorsed by the Rules of Civil Procedure[1] but also the defendant could revitalize the defense later under Rule 12(h)(1).

The second defense must also stand. Rule 9(a) of the Federal Rules of Civil Procedure calls for a specific negative averment if the issue of lack of capacity is to be raised. Such a specific negative averment is here present. Rule 9(a) also provides that the negative averment shall include supporting particulars which are peculiarly within the pleader's knowledge. The pleader here did not include any particulars. However, it is difficult to imagine what particulars would be peculiarly within his knowledge. The applicable law is equally available to both parties and whether the procedural steps necessary to comply with that law had been taken would seem to be more readily known to the plaintiff than to the pleader.

The plaintiff argues strongly that a decision on the applicability of the second defense attacked should be made now so that he can be assured that the statute of limitations will not run against him while the proper steps to assure his capacity to sue have not been taken. The plaintiff may, however, extricate himself from what he construes as an unfortunate position by assuring himself that he has complied with all applicable statutes. If some substantial question still exists after plaintiff, with due diligence, has attempted to take all such steps, it is possible that sufficient facts could be exhibited to warrant the granting, under Rule 42(b), of a separate trial on the issue of the capacity of the plaintiff to sue.[2] This form of relief has not, however, been asked for and, in any event, no adequate showing warranting it has been made. Particularly in view of the court's reluctance to grant motions to strike unless clearly warranted,[3] I am constrained to deny the motion.

It is so ordered.

1. See Form 20 of Appendix of Forms, Rule 84; Van Horn v. Chicago Roller Skate Co., D.C.N.D.Ill.1953, 15 F.R.D. 22.

2. See 5 Moore's Federal Practice, (2d Ed.) Par. 42.03, at p. 1211, et seq.

3. American Machine & Metals, Inc., v. De Bothezat Impeller Co., Inc., D.C.S.D.N.Y. 1948, 8 F.R.D. 306; Intra-Mar Shipping (Cuba) S. A. v. John S. Emery & Co., Inc., D.C.S.D.N.Y.1951, 11 F.R.D. 284.