Owen McGivern, J.
Motion to vacate order of arrest and cross motion (a) to increase bail and (b) to strike an affidavit are denied.
Where, as here, a motion to vacate an order of arrest is made on affidavits furnished by defendant, the court must £ £ examine the affidavits and * * * dispose of the application according to the just preponderance of proof as contained in them. # * * Where the affidavits are directly contradictory and equally credible, the court should give defendant the benefit of the doubt ”. (Burns v. Newman, 274 App. Div. 301, 302 [1st Dept., 1948].)
The voluminous affidavits and exhibits submitted on this motion have been examined. This court cannot conclude that the affidavits are ££ equally credible ” or “ directly contradictory.” Many of the plaintiffs’ allegations are not directly and expressly contradicted by defendant. Statements by defendant that he expects to prove certain matters at the trial do not constitute *951 the necessary proof required on the instant motion. The court concludes that the ‘1 just preponderance of the proof as contained in ” the papers submitted is on the side of plaintiffs.
Defendant claims that the complaint contains causes of action which do not sustain an order of arrest. The court concludes that each of the causes of action comes within one of the subdivisions of section 826 of the Civil Practice Act.
Defendant claims that one of the plaintiffs is a foreign corporation not authorized to do business in New York. If true, section 218 of the General Corporation Law would preclude it, if doing business in this State, from maintaining an action in this State ‘1 upon any contract made by it in this state ’ ’. With the exception of the fourth cause of action, all the causes of action are in tort, to which section 218 has no relevance. The fourth cause of action is for money had and received in a fiduciary capacity. While technically a cause of action for money had and received is in contract, in the absence of an express agreement to repay, and there is more alleged here, it is on an obligation implied by law (Cohen v. City Company of N. Y., 283 N. Y. 112, 115 [1940]). It cannot be said that defendant’s implied agreement to repay is a “ contract made by it [the foreign corporate plaintiff] in this state,” within the meaning of section 218.
The statement is made in defendant’s brief that “ The defendant is a California citizen“It is only when an action is brought by one nonresident against another for a tort committed outside the State that our courts may refuse to take cognizance of the controversy.” (de la Bouillerie v. de Vienne, 300 N. Y. 60, 62 [1949].) Here it is not shown where the alleged torts occurred, and in his moving affidavit defendant swears “ that he maintains a residence in and is a resident of New York City ”. Under the circumstances, the doctrine against accepting jurisdiction of tort actions between nonresidents is inapplicable (Marx v. Kats, 20 Misc 2d 1084, M. M. Levy, J.).
The cross motion to increase bail is denied for want of jurisdiction to grant the requested relief (10 Carmody-Wait, New York Practice, p. 450; Agar v. Haines, 1 N. Y. S. 212). The cross motion to strike defendant’s affidavit is denied. While it does contain much irrelevant matter, there is much in it that is fully relevant.