Harold J. Crawford, J.
This is a motion to direct the defendant to indorse and turn over to the plaintiff a draft or check issued by the Continental Insurance Company in the sum of $317, payable to the order of the defendant, or if the defendant refuses, to direct the Sheriff of the County of Queens to indorse *106 the name of the defendant thereon, under the authority of the court, and deliver the same to the plaintiff in part payment for arrears in alimony.
The defendant, the husband of the plaintiff, has been declared guilty of contempt of court because of his failure to make alimony payments and an order committing him to jail until he pays a fine of $475 and costs was granted by this court on April 19, 1961.
It appears that the son of the parties, who is residing with the plaintiff, was taken ill and hospitalized. Although the hospital bill and part of the doctor bill were paid by certain hospitalization insurance, the defendant applied for further payments, pursuant to a Union Benefit Policy, for the amount of the hospital and medical bills, which amount was payable to him, even though he did not personally expend such sums. The draft or check involved herein represents this payment.
The plaintiff claims that the afore-mentioned draft or check was sent to her home, and that she attempted to have the same indorsed over to her as part payment towards the arrears in alimony due her, but the defendant refused. Therefore, she urges the court to exercise its power ‘1 pursuant to Sections 978 and 979 of the Civil Practice Act, to order the defendant to indorse and deliver this check ” to her.
Section 978 provides in pertinent part: “ Where it is admitted by the pleading or examination of a party, that he has, in his possession or under his control, money or other personal property capable of delivery, which, being the subject of the action or special proceeding, is held by him as trustee for another party, or which belongs or is due to another party, the court, in its discretion, may grant an order, upon notice, that it be paid into or deposited in court, or delivered to that party ” (emphasis supplied).
This statute does not empower this court to grant the relief sought by the plaintiff. The situation envisoned by the statute is where the money or personal property is the subject of the action, the court is empowered to direct delivery thereof to the party entitled thereto or to be deposited in court, pending the outcome of the action, to prevent any judgment granted therein from being worthless. (See, generally, Riegel v. Franzel, 202 App. Div. 778; Firemen’s Mut. Benefit Assn. v. Clifford, 201 App. Div. 315.)
In the case at bar the plaintiff seeks a court order concerning money, acquired after a decree in a separation action, which definitely was not the subject of that action. Section 979 does not authorize the court to grant the plaintiff the relief she seeks, *107 since that section merely empowers the court to direct the Sheriff to do the acts required of that party by the court, under section 978 of the Civil Practice Act, if that party has disobeyed the court’s direction.
Accordingly, the plaintiff’s motion is in all respects denied.