■ AMERICAN MIDDLE EAST CORPORATION, Appellant, v. JACK BAROUK, Respondent.— Order, entered on October 21, 1960, dismissing the complaint, unanimously modified on the law, on the facts and in the exercise of discretion, to delete the direction to enter judgment and to provide that plaintiff-appellant shall have leave to serve an amended complaint within 20 days after service of order hereon with notice of entry; the judgment entered on such order is vacated; and the order is otherwise affirmed, with $20 costs and disbursements to the respondent. The plaintiff, a foreign corporation, doing business in the State, may not maintain this action on the basis of the contract made with the defendant in this State; it appearing that it did not, prior to the making of such contract, obtain a certificate of authority to do business within the State.

(General Corporation Law, § 218.) The plaintiff claims, however, that the action is not brought upon a contract but for a conversion of money belonging to plaintiff. It is true that the statute (§ 218) would not be available as a defense to an action grounded solely in conversion. (See *Schlitz Brewing Co.* v. *Ester*, 86 Hun 22, affd. on opinion below 157 N. Y. 714; *Pennsylvania Pubs.* v. *Senft*, 280 App. Div. 918; *Evyan Perfumes* v. *Hamilton*, 20 Misc 2d 950; *Meisel Tire Co.* v. *Mar-Bel Trading Co.*, 155 Misc. 664.) It is clear, however, that the particular cause of action pleaded here is one upon contract. The writing annexed to the complaint, constituting in whole or in part the contract between the parties, contains no provision justifying plaintiff's allegation that the moneys advanced were received and held in trust by defendant for plaintiff. The plaintiff should have been given leave, however, to plead a cause of action in conversion if he has such a cause. Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.