CAROLINE S. HENDERSON, Plaintiff, *v.* LINCOLN ROCHESTER TRUST COMPANY, Defendant.

Supreme Court, Special Term, Monroe County, March 17, 1950.

*Harris, Beach, Keating, Wilcox & Dale* for defendant.

*Arthur L. Mepham* for plaintiff.

GILBERT, J. Plaintiff instituted this action against defendant by service of a summons and complaint on January 24, 1950. In her complaint plaintiff has alleged in substance that a certain check drawn on defendant by Bache & Co. in the amount of $1,060 and payable to plaintiff was paid by defendant to another upon a forged indorsement of plaintiff's name. Plaintiff has further alleged in substance that another check drawn on Security Trust Company of Rochester by Bache & Co. in the amount of $415 and payable to plaintiff was paid by defendant to another upon a forged indorsement of plaintiff's name. Plaintiff has further alleged that the $1,060 check was dated February 1, 1946, and paid by defendant on or about February 2,

1946, and that the $415 check was dated September 11, 1946, and paid by defendant on or about September 17, 1946. Plaintiff has further alleged that she discovered the facts alleged in said complaint on the 16th day of December, 1949, and that immediately thereafter demand was made of the defendant for the payment of the amount of the above checks, which demand was refused. Plaintiff seeks judgment against defendant in the amount of $1,475 with interest from December 16, 1949, besides the costs and disbursements of this action.

Defendant has moved this court (Rules Civ. Prac., rule 107, subd. 3) for judgment dismissing both of plaintiff's alleged causes of action upon the ground that each of the alleged causes of action did not accrue within the time limited by law for the commencement of an action thereon, to wit: three years.

Defendant's motion is based on the premise that plaintiff is entitled to recover as against defendant only on a theory of conversion, and that inasmuch as the Statute of Limitations (three years, see Civ. Prac. Act, § 49, subd. 7) had run its course on February 2, 1949, and September 17, 1949, on the two causes of action respectively, plaintiff's right to commence an action or actions expired previous to the commencement of this action. Plaintiff contends that she has a right to recover upon a contractual theory and is bound only by the six-year Statute of Limitations provided for in subdivision 1 of section 48 of the Civil Practice Act.

Where one party suffers damage by the acts of another, and there is available one remedy in tort and another in contract, the damaged party may elect to pursue either remedy. (*Rothschild* v. *Mack,* 115 N. Y. 1; *Ganley* v. *Troy City Nat. Bank,* 98 N. Y. 487; *Monahan* v. *Devinny,* 223 App. Div. 547; *Harms* v. *City of New York,* 69 Misc. 315.)

Providing a party can establish a cause of action in contract, the six-year Statute of Limitations provided by section 48 of the Civil Practice Act will apply, even though that party could conceivably recover in tort as well. (*Lewis* v. *Dunbar & Sullivan Dredging Co.,* 178 Misc. 980; *Confreda* v. *George H. Flinn Corp.,* 68 N. Y. S. 2d 925; *Glidden* v. *Chase National Bank,* 82 N. Y. S. 2d 341.)

Assuming that the facts alleged could be established, plaintiff would have been entitled to recover against defendant in a conversion action, had the same been commenced within the three-year period. (*Spaulding* v. *First National Bank,* 210 App. Div. 216, affd. 239 N. Y. 586; *Graves* v. *The American Exchange Bank,* 17 N. Y. 205; *Burstein* v. *People's Trust Co.,* 143 App. Div. 165.)

Little New York authority has been discovered on the question of whether or not plaintiff would also be entitled to recover against defendant on a contractual theory. The best discussion of this problem is found in the case of *Stern* v. *President & Directors of Manhattan Co.* (134 Misc. 351, 354, affd. 228 App. Div. 616) in which case the court says: " Concededly there is no privity between the payee and the drawee. (*Aetna National Bank* v. *Fourth National Bank,* 46 N. Y. 82, 87, 90; *First National Bank* v. *Whitman,* 94 U. S. 343.) (See, also, 14 A. L. R. 764; 4 Am. & Eng. Ency. of Law [2d ed.], 226; Prof. Aigler in 38 Harvard Law Rev. 857, 884.) In a few jurisdictions where a contractual relation between the payee and the drawee was held to exist, it was on the theory that there had been effected by the making of the check an assignment of the drawer's funds, and in some instances that there had been an ' acceptance ' of the check by the drawee bank, indicated by its payment — even if to a wrong party. Regardless of the soundness of these theories, they have been rendered obsolete by the provisions of the Uniform Negotiable Instruments Law, respectively section 189 (section 325 of the New York law) and section 132 (section 220 of the New York law). Consequently the action by the payee against the drawee bank is one between parties who are contractual strangers to one another. "

As pointed out in the above case, there is no privity between the payee and the drawee, and it is further impossible to work out a contractual relationship by means of the argument that payment is equivalent to an " acceptance " or that an assignment is effected since the enactment of sections 220 and 325 of the Negotiable Instruments Law. It should also be noted that the drawee was not enriched in any manner by its actions, so that no implied contractual basis for recovery can exist. The *Stern* decision (*supra*) states the rule now followed by a majority of the American jurisdictions in the case of a drawee bank. (See, 9 C. J. S., pp. 690 *et seq.,* Banks and Banking, § 343, §357, pp. 762 *et seq.*)

In the *Stern* decision (*supra*) the court does not consider the case in which payment on a forged indorsement is made by a collecting bank. The general rule, as stated in volume 9 of Corpus Juris Secundum at page 763, would seem to be that the payee may recover as against a collecting bank which cashes a check on a forged indorsement, the theory being that the check was the property of the payee when the collecting bank obtained the money on it, so that the payee is entitled to recover the amount as money received by the collecting bank to his use. In

the absence of other authority this court must accept the general rule applied to collecting banks as laid down in Corpus Juris Secundum and cases therein cited.

It follows that plaintiff's only remedy against the defendant as to the $1,060 check was via a conversion action but that plaintiff may be able to establish a contractual right against defendant as to the $415 check.

It should be noted that as to the $1,060 check, plaintiff is not without remedy. She could bring an action sounding in either tort or contract against the forger, and could presumably recover against Bache & Co. on her original claim. (*Thomson* v. *Bank of British North America*, 82 N. Y. 1.) Should plaintiff recover in an action against Bache & Co., the latter might then recover against defendant herein. (*American Surety Co.* v. *Empire Trust Co.*, 262 N. Y. 181.)

Defendant's motion should be granted as to the action on the $1,060 check and denied as to the action on the $415 check. Ordered accordingly.