DENTISTS' SUPPLY COMPANY OF NEW YORK, Appellant, *v.* E. G. CORNELIUS et al., Copartners Doing Business as CORNELIUS PRODUCTS COMPANY AND GENERAL WAX REFINING COMPANY, Respondents.

First Department, March 3, 1953.

*Douglas M. More* of counsel (*Bigham, Englar, Jones & Houston,* attorneys), for appellant.

*Herman S. Axelrod* of counsel (*Maitland M. Axelrod* with him on the brief; *Axelrod & Axelrod,* attorneys), for respondents.

VAN VOORHIS, J. This appeal involves the applicability of the three- or six-year Statute of Limitations. In our view, the six-year statute applies.

The complaint indicates that plaintiff is suing to recover the value of goods obtained by defendant from an employee of plaintiff, who is alleged to have transferred them without authority. Plantiff, therefore, apparently has waived the tort of conversion and is suing in quasi contract on the theory that he has ratified the transfer as if it were a sale. The right of an owner of goods so to elect is well recognized in the law. *Terry* v. *Munger* (121 N. Y. 161, 165) is the leading authority as to this right. There it was said: " If the wrongdoer has not sold the property, but still retains it, the plaintiff has the right to waive the tort and proceed upon an implied contract of sale to the wrongdoer himself, and, in such event, he is not charged as for money had and received by him to the use of the plaintiff. The contract implied is one to pay the value of the property, as if it had been sold to the wrongdoer by the owner. If the transaction is thus held by the plaintiff as a sale, of course the title to the property passes to the wrongdoer when the plaintiff elects to so treat it."

In such a situation the Statute of Limitations applicable in an action *ex contractu* will prevail. Woods on Limitations (Vol. 1 [4th ed.], § 57b) says: " Where plaintiff has several remedies for the same cause of action, the fact that one or more of his remedies have become barred will not affect his right to any of the others which are not barred. Where the complaint will support an action in form either *ex contractu* or *ex delicto,*

and the former is not barred, relief will not be denied, though the action would be barred if treated as in form *ex delicto.* * * * The owner of goods converted may waive the tort and sue in assumpsit, though relief against the tort is barred by limitation. * * * It is the form and not the cause of action which fixes the bar, and the remedy elected is governed by the limitation appropriate to itself. If an injured party has a right to either of two actions, the one he chooses is not barred by limitation because the other, if he had brought it, might have been.''

Quasi contract means a contract implied in law. (*Miller* v. *Schloss,* 218 N. Y. 400, 407.) That decision describes the transaction as '' fictitiously deemed contractual, in order to fit the cause of action to the contractual remedy ''. The Statute of Limitations pertains to the remedy, rather than to substantive right. The contractual limitation should be applied where the cause of action has been fitted to the contractual remedy.

A somewhat analogous situation is that illustrated by our recent decisions in *Gottfried* v. *Gottfried* (269 App. Div. 413) and *Myer* v. *Myer* (271 App. Div. 465, affd. 296 N. Y. 979). These were cases in which we held that where money or its equivalent had wrongfully found its way into the pockets of defendant directors of a corporation, the action would be deemed one for money had and received governed by the six-year statute, even though an injury to property was also involved as to which a three-year limitation might be applied. The decisions are analogous in that unjust enrichment is the basis for permitting an action in quasi contract, on a ratification of a fictitious sale, as well as in money had and received. To the extent that in the cited cases we preserved the right to sue for money had and received, where money or its equivalent had been obtained through misconduct, we recognized the injustice of otherwise permitting an unjust enrichment, and that is the theory in permitting the owner of converted goods to waive the tort and avail himself of the six-year statute.

The respondent here attempts to distinguish the present case from such cases as *Ganley* v. *Troy City Nat. Bank* (98 N. Y. 487) by pointing out that in that case there was, in fact, contract relationship between the parties, i.e., bailee and bailor, and that, therefore, the bailor had the right to sue on the contract or for the tort of conversion. While it is true that a distinction exists, it seems to us that the right of election is not confined to instances where there was an actual contract, but exists as

well where the action is on contract implied in law. Thus the distinction is not substantial.

*Henderson* v. *Lincoln Rochester Trust Co.* (303 N. Y. 27) involved two causes of action brought against two banks by the payee of checks, whose name had been forged. The first cause of action was against the drawee bank, and, since the payee as distinguished from the drawer had no cause of action against the drawee bank except in conversion, the three-year statute prevailed. As to the second cause of action against a bank other than the drawee bank, which collected the check and paid it on a forged indorsement, the payee had the right to proceed for breach of contract of agency and thus the six-year statute prevailed. While the case is factually unlike ours, it did disclose another instance where an election of remedies existed, in which the longer statute applicable to the contract action was held to be controlling.

The present case differs somewhat from the precedents cited. The principle that should prevail is that where the owner of property has had his goods converted, he has the right to waive the tort and sue on quasi contract of sale, and, if he does, the statute applicable to actions in contract is deemed applicable. What was said to the contrary in *Loughman* v. *Town of Pelham* (126 F. 2d 714) was not necessary to the decision therein.

The order appealed from should be reversed and defendants' motion to dismiss the complaint should be denied, with $20 costs and printing disbursements.

CALLAHAN and BREITEL, JJ., concur with VAN VOORHIS, J.; PECK, P. J., and COHN, J., dissent and vote to affirm.

Order reversed, with $20 costs and disbursements to appellant and the motion denied. [See *post,* p. 882.]