VERA RICKARD, Appellant, *v.* FARMERS' MUSEUM, INC., Respondent.

Third Department, May 19, 1954.

*Paul F. Eaton* for appellant.

*Gleason B. Speenburgh* for respondent.

Coon, J.   Defendant operates a public museum near Cooperstown, N. Y., to which admission is charged.  The complaint alleges that on October 11, 1948, plaintiff purchased an admission ticket to the museum, and while viewing an exhibit from a platform reached by three or four steps from the ground level, the platform and steps collapsed, throwing plaintiff to the floor and resulting in her injury.

The action was instituted by service of summons on December 16, 1952, more than four years after the alleged causes of action arose.  The complaint alleges two causes of action, the first based upon a breach of an implied contract in that defendant failed to provide plaintiff reasonable protection against harm, and the second alleging statutory liability for violation of the Labor Law relating to the construction and maintenance of places of public assembly.  The Special Term has held, we think correctly, that both causes of action are, in fact, to recover for personal injuries as a result of negligence, and that the three-year Statute of Limitations applies under subdivision 6 of section 49 of the Civil Practice Act.

As to the first cause of action, the gravamen thereof and the basis of the claim is founded in negligence, regardless of the nomenclature used. It alleges " failure of the defendant to have its buildings, structures, fixtures and equipment so constructed * * * to provide reasonable and adequate protection to * * * safety of the plaintiff ". Clearly this is an allegation of failure to exercise care, resulting in personal injury. It is the nature and origin of the wrong, the substance and not the form, which controls. Though this cause of action purports to be *ex contractu,* when read as a whole the conclusion is inescapable that it is an action to recover for personal injuries resulting from lack of care. This type of action has repeatedly been held to be governed by the three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 6), and not by the six-year statute (Civ. Prac. Act, § 48, subds. 1, 2). (*Hermes* v. *Westchester Racing Assn.,* 213 App. Div. 147; *Loehr* v. *East Side Omnibus Corp.,* 259 App. Div. 200, affd. 287 N. Y. 670; *Buyers* v. *Buffalo Paint & Specialties,* 199 Misc. 764).

The second cause of action alleges the plaintiff's injuries " were caused by the failure of the defendant to have its ' Place of Public Assembly ' so constructed * * * as to provide reasonable and adequate protection to the * * * safety of plaintiff " in violation of the Labor Law (§ 470). This statute reads: " All places of public assembly as hereinbefore defined shall be so constructed, equipped and maintained as to provide reasonable and adequate protection to the lives, health and safety of all persons employed or assembled therein." We think this is merely a restatement of the common law of negligence, but, if it is anything more, it merely defines the degree of care to be exercised, with no specifications. It does not create a new liability which did not exist before. " When the statute merely defines, in the interest of the general public, the degree of care which shall be exercised under specified circumstances, it does not ' create ' a new liability; it merely changes the standard which must be applied in an action to recover damages caused by lack of care." (*Schmidt* v. *Merchants Desp. Transp. Co.,* 270 N. Y. 287, 305; see, also, *Shepard Co.* v. *Taylor Pub. Co.,* 234 N. Y. 465, 468.) While the *Schmidt* case held that the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 2) applied to the cause of action for a liability created by the statute there involved, it was because the statute required specific installations for the protection of a specific class, and failure to comply alone gave rise to a cause of action irrespective of negligence. The

Court of Appeals made it abundantly clear that if the statute were general, as here, the decision would have to be the other way.

The single wrong alleged in both causes of action is clearly based on negligence, and the three-year Statute of Limitations applies.

The order should be affirmed, without costs.

FOSTER, P. J., BERGAN and IMRIE, JJ., concur.

Order affirmed, without costs.