█ ATLAS ASSURANCE COMPANY, LTD., Respondent, v. BARRY TIRE & SERVICE COMPANY, Appellant.— Defendant appeals from an order of the Chemung County Court which denied a motion to dismiss the complaint on the ground that it appears from the face of the complaint that the action is barred by the three-year (negligence) Statute of Limitations (Civ. Prac. Act, § 49, subd. 6). Plaintiff sues for damages resulting from its automobile being stolen from defendant's parking lot where it had been stored for a fee. The first cause of action in the complaint alleges the contract of bailment and the negligence of defendant resulting in the theft. The second cause of action alleges the contract of bailment and damage, without any allegation of negligence. There is no dispute as to when the cause of action arose, and concededly the three-year Statute of Limitations (negligence) has passed and the six-year statute (contract) has not. Plaintiff contends that the action is primarily on the contract and that the six-year statute applies. (Civ. Prac. Act § 48, subd. 1). The only question is which statute controls and the question is squarely presented because plaintiff concedes that, despite the contract, it may not recover without establishing negligence in connection with the theft. It is settled that the plaintiff may elect to proceed on either the theory of breach of contract or in tort. (Church v. Mumford, 11 Johns 479; Hamilton v. Dannenberg, 239 App. Div. 155; O'Neill v. Gray, 30 F. 2d 776.) But in determining the applicable Statute of Limitations, the courts in this State have established a definite pattern of looking to the basic essentials of recovery, no matter how alleged. For this limited purpose it has been quite well settled that the form of pleading is subordinated to the essence of the right of recovery. (Webber v. Herkimer & Mohawk St. R. R. Co., 109 N. Y. 311; Loehr v. East Side Omnibus Corp., 259 App Div. 200, affd. 287 N. Y. 670; Hermes v. Westchester Racing Assn., 213 App. Div. 147; Rickard v. Farmers' Museum, 284 App. Div. 140.) There is nothing to the contrary in Blessington v. McCrory Stores Corp. (305 N. Y. 140). While the duty to use due care to protect the automobile from theft arose from contract, the action is still one for negligence. This court has recently had occasion to view an analogous situation, although there the pleadings did not present the question squarely as here. (Glens Falls Ins. Co. v. Reynolds, 3 A D 2d 686.) Order reversed, on the law, with costs, and the motion granted, with $10 costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.