ESTHER KING, Appellant, *v.* FRED KING, Respondent.

Second Department, July 5, 1961.

*A. Isadore Eibel* for appellant.

*Charles E. Kaplan* for respondent.

NOLAN, P. J. On this appeal, presented on a bill of exceptions as authorized by statute (Civ. Prac. Act, § 575), we are required to determine only one question, namely: whether the plaintiff's cause of action is barred by the three-year Statute of Limitations prescribed in subdivision 7 of section 49 of the Civil Practice Act.

On March 28, 1952, plaintiff wife and defendant husband opened a joint savings account in the Ridgewood Savings Bank in the form prescribed by statute (Banking Law, § 239). On December 5, 1955, there was $7,905 in the account. On that day the husband withdrew $7,800. The wife subsequently withdrew the remaining $105.

This action was brought by the wife to recover judgment against her husband for half of the amount drawn out by him without her knowledge or consent, less half the $105 withdrawn by her. The action was referred to a Referee to hear and determine.

After a trial the Referee concluded that there was no credible evidence sufficient to rebut the presumption that the interest of the parties in the deposit was that of joint tenants (Banking Law, § 239, subd. 3); that plaintiff wife consequently had a half-interest in the account; that the husband's withdrawal of the $7,800 from the account did not destroy the joint tenancy; and that the wife therefore would have had the right to a recovery if it were not for the bar of the Statute of Limitations. Holding that the basis of the wife's claim was that she was a half owner of the savings account, and that the withdrawal by the husband of her half of the account without her knowledge or consent constituted a conversion by him of her share of the account, the Referee further concluded that, regardless of the form of the action, the three-year limitation prescribed in subdivision 7 of section 49 of the Civil Practice Act was a bar to the action. Accordingly, he dismissed the complaint.

We are unable to agree with the learned Referee that the limitation specified in section 49 of the Civil Practice Act constitutes a bar to the prosecution of this action, which is clearly not pleaded as one for damages for conversion, but apparently proceeds on the theory of money had and received by the defendant husband. Such an action is governed by the six-year limitation prescribed by section 48 of the Civil Practice Act.

It is true that in applying the Statute of Limitations the courts look for the reality and the essence of the action, and not to its mere name (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259, 264). The rule is readily applied in actions in which it is sought to recover damages for the breach of an implied contractual duty to exercise due care under given circumstances (cf. *Atlas Assur. Co.* v. *Barry Tire & Serv. Co.*, 3 A D 2d 787, and cases cited). In such cases the implied contractual duty and the common-law duty to exercise due care are one and the same, and the action is one to recover damages for an injury to property or a personal injury resulting from negligence, no matter what it may be called, and is barred by the provisions of subdivision 6 of section 49 of the Civil Practice Act. An action to recover damages for the breach of an implied or quasi-contractual obligation is not barred by the three-year limitation, however, if the contractual obligation claimed to have been

breached is not a common-law or statutory duty to refrain from committing one of the tortious acts contemplated by section 49 of the Civil Practice Act and is entirely independent thereof (cf. *Blessington* v. *McCrory Stores Corp.*, 305 N. Y. 140).

A single act or default causing a single injury may constitute a breach of different duties and may give rise to causes of action based upon different grounds of liability and subject to different statutory periods of limitation (*Schram* v. *Cotton,* 281 N. Y. 499; *House* v. *Carr*, 185 N. Y. 453, 458). Where a plaintiff has several remedies available to him, arising from the same transaction or incident, he may elect the form of remedy to pursue; and the fact that one remedy may be statutorily barred does not affect his right to avail himself of the others (*Carr* v. *Lipshie,* 8 A D 2d 330; *Dentists' Supply Co. of N. Y.* v. *Cornelius Prods. Co.,* 281 App. Div. 306, affd. 306 N. Y. 624).

In the instant case, it is our opinion that an action for conversion would not lie to recover from the husband the wife's share of the funds in his hands (cf. *Laurent* v. *Williamsburgh Sav. Bank*, 28 Misc 2d 140; *Calvada, Inc.* v. *Fidelity & Deposit Co. of Md.*, 28 Misc 2d 144) ; and that the proper remedy is by an action in assumpsit (cf. *Fowler* v. *Bowery Sav. Bank,* 113 N. Y. 450).

If it be assumed, however, that the withdrawal by the husband of more than his share of the joint account could have constituted a conversion for which an action for damages would lie, the wife nevertheless has taken the position that the taking was not unlawful or wrongful, since it was authorized by the form of the account; and she has elected to hold her husband, not for damages for a tortious act, but merely for a failure to discharge his contractual duty, assumed on the withdrawal of the funds, to hold them for the benefit of both parties to the joint tenancy and to permit her, on demand, to withdraw her proportionate share of the funds. The withdrawal by the husband of practically all of the funds on deposit did not terminate the joint tenancy (*Marrow* v. *Moskowitz,* 255 N. Y. 219, 221); and the cause of action pleaded, based on an alleged breach by defendant of a contractual duty, is entirely independent of any claim which the wife might have asserted for damages based on a wrongful appropriation of her property (cf. *Blessington* v. *McCrory Stores Corp.*, 305 N. Y. 140, *supra*; *Gottfried* v. *Gottfried,* 269 App. Div. 413, 422; *Rapisardi* v. *Rapisardi,* 28 Misc 2d 152, affd. 278 App. Div. 863; *Dentists' Supply Co. of N. Y.* v. *Cornelius,* 281 App. Div. 306, affd. 306 N. Y. 624, *supra*). Consequently, the judgment must be reversed.

Since this appeal is here on a bill of exceptions, we do not have before us the evidence on which the learned Referee based his findings and conclusions. While ordinarily, pursuant to the power conferred upon us by statute (Civ. Prac. Act, § 584), we would have granted the motion for judgment which the Referee should have granted, we may not do so here in view of the absence of the evidence (*Madison County Trust & Deposit Co.* v. *Smith*, 259 N. Y. 348).

The judgment should be reversed on the law and a new trial granted, with costs to plaintiff to abide the event.

BELDOCK, UGHETTA, KLEINFELD and BRENNAN, JJ., concur.

Judgment reversed on the law and a new trial ordered, with costs to plaintiff to abide the event.