Jambs J. Conroy, J.
This is a motion pursuant to rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground (1) that the action was not commenced within the time limited by the Statute of Limitations and (2) there is another action pending between the parties for the same cause.
The defendant in support of his motion contends that the complaint herein alleges a cause of action for malpractice, even though on its face it sounds in contract, and that since such alleged malpractice occurred in or about 1956, the action is barred by the Statute of Limitations. In any event, argues the defendant, a prior action against himself and another was commenced in February, 1958 and is presently pending; the complaint in that action alleges malpractice against the defendant and another and “ is so written by the plaintiff as to attempt to gain the fruits of both a contract action and a simple malpractice action based on negligence.” Therefore, concludes the defendant, there is a prior contract action pending against him for the same cause.
*274 The complaint in the instant action, in pertinent part alleges that the plaintiff entered into a contract, in which the defendant allegedly promised to perform certain tests and an operation, and that the defendant further promised the plaintiff would be cured within three weeks and could then return and take care of his business, but that the defendant breached the contract since he failed to take the necessary tests and procured another to perform the operation; and finally, that the cure as promised in the alleged contract was not effected.
Included in the complaint are allegations that the defendant, his agents and/or employees performed the operation in an ‘ ‘ unworkmanlike ’ ’ and ‘ ‘ unskillful ’ ’ manner.
The complaint, when read in its entirety, clearly indicates that a cause of action for breach of contract is stated, notwithstanding the allegations concerning the unworkmanlike and unskillful manner in which the operation was performed, which allegations may also be alleged in stating a cause of action in malpractice. (Robins v. Finestone, 308 N. Y. 543.) Therefore, the six-year Statute of Limitations is applicable (Civ. Prac. Act, § 48) and clearly the action herein is not barred.
Inasmuch as the action herein is for breach of contract, it is entirely separate from the malpractice action previously commenced against the defendant herein and another, even though they both may have arisen out of the same transaction. (Colvin v. Smith, 276 App. Div. 9; see, also, Fleetash Realty Co. v. Severio Constr. Co., 3 A D 2d 859.) The fact that the complaint in the prior pending malpractice action contains an allegation concerning a promise to cure plaintiff — which would be peculiar to a contract action, by itself — could not overcome the effect of the various allegations which taken together state a cause of action for malpractice. (See Robins v. Finestone, supra, p. 547.) In any event the afore-mentioned allegation does not sufficiently plead a cause of action for breach of contract.
Therefore, the instant complaint should not be dismissed on the ground that there is a prior action pending. Accordingly, the motion is in all respects denied.