Pietro CARUANA, Plaintiff,

v.

BELGIAN LINE, INC., and Compagnie Maritime Belge, S.A.

United States District Court
S. D. New York.
July 20, 1962.

Alvin I. Apfelberg, New York City, for plaintiff.

Robeist S. Blanc, Jr., Hill, Betts, Yamoka, Freehill & Longcope, New York City, for defendants.

RYAN, Chief Judge.

Plaintiff, a longshoreman, filed this suit on January 20, 1960, against defendant Belgian Line Inc. for injuries allegedly received on January 28, 1957 while he was working aboard a vessel owned by defendant Compagnie Maritime Belge, S.A.

Defendant Belgian Line Inc. was served with process on January 21, 1960. On February 23, 1960, suit was filed against defendant Compagnie Maritime Belge S.A. as owner and operator of the vessel by amendment to the complaint against defendant Belgian Line Inc. and by adding Compagnie Maritime Belge S.A. as a party defendant; a copy of the summons and amended complaint were served on Compagnie Maritime Belge S.A. on February 26, 1960 by leaving them with defendant Belgian Line Inc. The filing of the suit against

Compagnie Maritime Belge S.A.—the owner of the vessel—was therefore 3 years and 29 days after the claim arose.

The amended complaint pleads a claim under the General Maritime Law, the first count based on diversity of citizenship and the statutory amount in negligence, and the second count in unseaworthiness.

Prior to answer, both defendants have moved (and their motions are now before us for decision)—defendant Belgian Line Inc. to vacate service of process upon it as an improper party and dismiss the amended complaint as to it; and defendant Compagnie Maritime Belge S.A. to dismiss as to it on the ground that the claim in negligence is time barred by the three-year Statute of Limitations of Section 49(6), Civil Practice Act and the claim of unseaworthiness by laches.

■ The plaintiff's claim against defendant Belgian Line Inc. proceeds upon the theory that, although Belgian Line Inc. is not the registered owner of the vessel in suit, it is so closely related to Compagnie Maritime Belge S.A. as to ownership, management and control that both Belgian Line Inc. and Compagnie Maritime Belge S.A. are in law and in fact one and the same juristic entity. Plaintiff, after the making of these motions, did on December 19, 1960 take a rather lengthy deposition of an official of the Belgian Line Inc.; this deposition is before us; it supplies nothing to support plaintiff's contention. However, the taking of this deposition did not preclude plaintiff from attempting to secure other and additional evidence for use on trial to establish its contention or to support its attempt "to pierce the corporate veil" of Belgian Line Inc. There remains as to this a triable issue. Valid service was made on Belgian Line Inc.

The motion of Belgian Line Inc. to dismiss as to it is denied.

■ The motion of Compagnie Maritime Belge S.A. is denied. Since the claim although pleaded at law is one arising out of the General Maritime Law the doctrine of laches applies to be measured by the local statute of limitations. Oroz v. American President Lines, 259 F.2d 636 (2d Cir. 1958). The claim would be barred by the three-year limitation of Section 49(6) of the C.P.A. and consequently by laches, unless plaintiff has established excusable delay and lack of resultant prejudice to defendant. Whether the claim of unseaworthiness, although nominally a claim arising out of breach of contracts, is so essentially a claim in tort as to be governed by the three-year rather than the six-year limitation of Section 48(1), we need not decide. See LeGate v. The Panamolga, 221 F.2d 689 (2d Cir. 1955) and in that connection, Atlas Assurance Co. v. Barry Tire & Service Co., 3 A.D.2d 787, 160 N.Y.S.2d 547, 549 (3d Dept. 1957); Oroz v. American President Lines, supra; Baez-Geigel v. American Foreign S.S. Corp., 171 F.Supp. 359 (S.D.N.Y.1959). Assuming that this claim also would be time barred and the suit precluded by laches, we think plaintiff has sufficiently established that no prejudice will result to defendant Compagnie Maritime Belge S.A. by a continuance of the suit against it.

■ The delay over the statutory period was only one of 29 days; both defendants are represented by same counsel and on February 11, 1960 prior to the service of the amended complaint on Compagnie Maritime Belge S.A., Belgian Line Inc. moved to vacate service on it on the ground of non-ownership of the vessel; Belgian Line Inc. is the General Agent for defendant Compagnie Maritime Belge S.A. and well acquainted with the activities of Compagnie Maritime Belge S.A. Notice of the pendency of the suit against Belgian Line Ins. must have been brought to defendant Compagnie Maritime Belge S.A. through the knowledge of its agent and of its attorney in January, 1960, prior to the expiration of the three years; in addition, the passage of 29 days does not appear to have resulted in any prejudice to defendant Compagnie Maritime Belge S.

A., for it was testified to by Belgian Line Inc.'s vice president that the same crew was still on the vessel at the time suit was filed against Compagnie Maritime Belge S.A.

The motion to vacate service on Belgian Line Inc. and to dismiss the complaint as to it is denied; that to dismiss as against Compagnie Maritime Belge S.A. is denied. This is not to say that further delay will not prejudice defendant. The claim is stale enough; plaintiff is to take all necessary steps to place this suit on the trial calendar of this Court for the December, 1961, Term.

So ordered.