(October 26, 1964)

■ ALYSSA ORIGINALS, INC., Respondent, v. ISIDORE FINKELSTEIN et al., Appellants. (Action No. 1.) — In an action by a tenant against the landlords to recover damages for injury to property, based upon the alleged breach of covenants contained in a lease, the defendants appeal, as limited by their brief, from an order of the Supreme Court, Westchester County, dated June 17, 1964, which denied their cross motion for summary judgment dismissing the complaint (in the action denominated No. 1) on the ground that its two alleged causes of action are barred by the Statute of Limitations. Order reversed, without costs; defendants' cross motion granted, and complaint in Action No. 1 dismissed, without costs. The essence of plaintiff's action and the basis for its recovery, as judged by its own pleadings, is defendants' negligence, in that rain damage was caused to its personal property by the failure of defendants to exercise due care in maintaining and repairing the roof and skylights of the leased premises. This is so notwithstanding the assertion that in reality the action is *ex contractu*, i.e., for recovery of damages due to the breach of the covenants in the lease for proper and safe maintenance and quiet enjoyment. On this issue it is particularly pertinent that, in paragraph "12th" of the lease, the parties themselves agreed that: "The Landlord is exempt from any and all liability for any damage or injury to * * * property caused by or resulting from * * * rain * * * or any leak or flow from or into any part of said building * * * unless said damage or injury be caused by or be due to the negligence of the Landlord." In effect, plaintiff conceded that three years had elapsed from the time of its loss until it commenced its action. Its position, however, is that the six-year Statute of Limitations (CPLR 213, subd. 2), relating to actions "upon a contractual obligation or liability express or implied," is applicable. With this contention we disagree. The test for determining which Statute of Limitations is applicable in a given situation is: what is the "essence of the action," not "its mere name" (*King* v. *King*, 13 A D 2d 437; *Atlas Assur. Co.* v. *Barry Tire & Serv. Co.*, 3 A D 2d 787). Negligence of the landlord is the crux of the causes of action here; and, without proof of such negligence there can be no recovery, since without negligence in this case there is no independent breach of the provisions in the lease (see *Blessington* v. *McCrory Stores Corp.*, 305 N. Y. 140). Accordingly, we hold that the three-year Statute of Limitations (CPLR 214, subd. 4), governing actions "to recover damages for an injury to property", is applicable; and that the defendants' cross motion for summary judgment dismissing the complaint on that ground should have been granted. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ EDWARD M. DEEGAN, Appellant, v. KURT RESCH, Respondent.— In an action to recover damages for alleged conversion of a bank check and its proceeds, the plaintiff, by permission of this court, appeals from so much of an order of the Appellate Term of the Supreme Court, dated February 6, 1964 and resettled by its order of March 20, 1964, as reversed an order of the Civil Court of the City of New York, denying defendant's motion to vacate an order of arrest; granted the motion; and vacated the order of arrest. Appeal from original order of February 6, 1964, dismissed; that order was superseded by the resettled order. Resettled order, insofar as appealed from, affirmed, with costs (*Burns* v. *Newman*, 274 App. Div. 301, 302; *Evyan Perfumes* v. *Hamilton*, 20 Misc 2d 950). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.