**UNION BANK OF SWITZERLAND,**
**Plaintiff,**

v.

**HS EQUITIES, INC., Defendant.**

**No. 76 Civil 4378.**

United States District Court,
S. D. New York.

Dec. 23, 1976.

Sullivan & Cromwell, New York City, for plaintiff; Francis Carling, New York City, of counsel.

Robert J. Poulson, Jr., New York City, for defendant.

1. N.Y.C.P.L.R. § 214(3) (McKinney 1972). This court applies the New York statute of limita-

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, a Swiss banking corporation, alleges in its complaint that in 1967 it opened a brokerage account with defendant on behalf of one of plaintiff's clients, named Zelmanowitz. Thereafter plaintiff, acting as Zelmanowitz's agent, engaged in various securities transactions through defendant. The proceeds of these transactions remained in plaintiff's account with defendant; correspondingly, plaintiff credited Zelmanowitz's account with it, in Geneva, with the appropriate amounts. In 1967 the United States initiated an attempt to recover taxes owed by Zelmanowitz arising out of these transactions. Defendant informed plaintiff of this and plaintiff temporarily blocked Zelmanowitz's account in Switzerland. Subsequently defendant informed plaintiff that the proceedings involved only Zelmanowitz and the United States, and plaintiff unblocked Zelmanowitz's account; Zelmanowitz thereafter withdrew all his funds on deposit in plaintiff's bank. In February 1969 the government levied upon $104,435.99 held by defendant in plaintiff's account to collect its tax assessment against Zelmanowitz. Plaintiff alleges that defendant did not notify it that this money had been paid to the government until January 1972, almost three years later. Plaintiff has brought this suit to recover the money.

Defendant now moves to dismiss the complaint, claiming that since the "essence of the action" is conversion, it is barred by the three-year statute of limitations applicable to conversion actions.[1] Plaintiff, on the other hand, argues that its action is one for breach of contract, encompassing not only the alleged conversion but also breaches of defendant's alleged contractual duties to keep plaintiff fully informed of the potential effects of the tax controversy and to make proper tax withholding payments. Plaintiff therefore claims the six-year stat-

tions. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

ute of limitations applicable to contract actions [2] controls.

▮ The general rule in New York is that when a plaintiff has several theories of recovery arising out of the same transaction, he is entitled to elect which theory he will proceed upon and have the benefit of the appropriate statute of limitations.[3] Thus, where a claim for breach of contract exists, a plaintiff is entitled to plead it and assert the statute of limitations applicable to actions for breach of contract even where an action for conversion arising out of the breach would also lie.[4] An exception to the general rule is that where the contract imposes no separate and independent duty other than that imposed by the common law, the tort statute of limitations will be applied.[5]

▮ In this case plaintiff asserts that a contractual relationship existed and that defendant breached its obligations under that contract. Plaintiff, upon his pleading, is entitled to the six-year statute of limitations on this claim. However, at trial plaintiff will have to prove that defendant breached some contractual duty above and beyond the general duty not to convert another's property, in order to establish a claim that will not be barred by the shorter statute of limitations.[6]

The motion to dismiss is denied without prejudice to its renewal. So ordered.

---

**2.** N.Y.C.P.L.R. § 213(2) (McKinney 1972). While more than six years had elapsed at the time this suit was brought, the parties stipulated to the extension of this statute of limitations.

**3.** *Blessington v. McCrory Stores Corp.*, 305 N.Y. 140, 111 N.E.2d 421 (1953); *Schmidt v. Merchants Despatch Transp. Co.*, 270 N.Y. 287, 298–99, 200 N.E. 824, 826 (1936); *King v. King*, 13 A.D.2d 437, 440, 218 N.Y.S.2d 230, 232 (1961); *Carr v. Lipshie*, 8 A.D.2d 330, 331, 187 N.Y.S.2d 564, 566 (1959), *aff'd*, 9 N.Y.2d 983, 218 N.Y.S.2d 62, 176 N.E.2d 512 (1961); *Dentists' Supply Co. v. Cornelius*, 281 App.Div. 306, 119 N.Y.S.2d 570, *aff'd*, 306 N.Y. 624, 116 N.E.2d 238 (1953); *Stitt v. Gold*, 33 Misc.2d 273, 225 N.Y.S.2d 536 (Sup.Ct.), *aff'd*, 17 A.D.2d 642, 230 N.Y.S.2d 677 (1962).

**4.** *King v. King*, 13 A.D.2d 437, 438–39, 218 N.Y.S.2d 230, 232 (1961); *Henderson v. Lincoln Rochester Trust Co.*, 198 Misc. 82, 100 N.Y.S.2d 840 (Sup.Ct.), *aff'd*, 277 App.Div. 1093, 101 N.Y.S.2d 256 (1950), *aff'd*, 303 N.Y. 27, 100 N.E.2d 117 (1951); *Gidden v. Chase Nat'l Bank*, 82 N.Y.S.2d 341 (Sup.Ct.1948).

**5.** *Blessington v. McCrory Stores Corp.*, 305 N.Y. 140, 147–48, 111 N.E.2d 421, 423 (1953); *Webber v. Herkimer & Mohawk St. R.R.*, 109 N.Y. 311, 314–15, 16 N.E. 358, 359–60 (1888); *Alyssa Originals, Inc. v. Finkelstein*, 22 A.D.2d 701, 254 N.Y.S.2d 21 (1964), *aff'd*, 24 N.Y.2d 976, 302 N.Y.S.2d 599, 250 N.E.2d 82 (1969); *Atlas Assur. Co. v. Barry Tire & Service Co.*, 3 A.D.2d 787, 160 N.Y.S.2d 547 (1957). Thus, when a tenant sues a landlord for injuries allegedly suffered because of the landlord's negligence, the fact that the lease provides that the landlord shall be liable for negligence does not convert the claim into one for breach of contract. *Alyssa Originals, Inc. v. Finkelstein, supra. Compare, e. g., Gautieri v. New Rochelle Hosp. Ass'n*, 4 A.D.2d 874, 166 N.Y.S.2d 934, *aff'd*, 5 N.Y.2d 952, 183 N.Y.S.2d 803, 157 N.E.2d 172 (1959) (malpractice claim falls within tort statute of limitations) *with Stitt v. Gold*, 33 Misc.2d 273, 225 N.Y.S.2d 536 (Sup.Ct.), *aff'd*, 17 A.D.2d 642, 230 N.Y.S.2d 677 (1962) (contract statute applied when special contract to cure pleaded).

**6.** *See* cases cited n. 5 *supra*.