■ Novita LLC, Respondent, v 307 West Restaurant Corporation, Doing Business as Rinconcito Mexicano et al., Appellants. [828 NYS2d 5]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 22, 2005, which denied defendants' motion to dismiss the complaint as barred by the three-year statute of limitations for negligence, unanimously affirmed, without costs.

Plaintiff landlord entered a lease agreement with defendants that obligated the tenants to maintain the premises in good repair. Plaintiff later decided to renovate, and defendants agreed to perform some of the renovations on their own. It later developed that during the renovations, defendants removed a load-bearing wall, causing damage. Three years and a day after learning from its architect about the structural defect, plaintiff commenced this action, alleging that under the terms of the lease, defendants were responsible for any damage to the building caused by their own poor workmanship or negligent conduct. The issue herein is whether this case is governed by the three-year statute of limitations for negligence or the six-year statute for breach of contract.

The Court of Appeals has refused to apply a shortened negligence statute of limitations to a claim seeking breach-of-contract damages on a claim for property damage (*see Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669, 676 [1976] ["if the claim . . . is substantially related to the subject matter of the substantive agreement . . . it will not be barred merely because it also would permit recovery in a tort action at law"]). The relationship between these parties had its genesis in contract, and the events giving rise to this action directly implicated the landlord-tenant relationship. Accordingly, the six-year statute of limitations was correctly applied (*see Baratta v Kozlowski*, 94 AD2d 454, 463 [1983]). Concur— Saxe, J.P., Sullivan, Williams, Sweeny and Malone, JJ.