OPINION OF THE COURT
Doris Ling-Cohan, J.
Defendant 420 East 72nd Street Tenants Corp. moves, pursuant to CPLR 3211 (a) (5) and 3212, for summary judgment dismissing the complaint on the ground of the statute of limitations. Plaintiffs Mitchell Gross and Christine Debouck cross-move, pursuant to CPLR 3212, for summary judgment as to liability on the first cause of action of the amended verified complaint for breach of the parties’ proprietary lease dated June 17, 2002, and the fifth cause of action, enjoining defendant from not performing the maintenance and repairs required by the lease.
The facts and allegations underlying this action were detailed in a prior decision by this court dated January 22, 2008. Plaintiffs Mitchell Gross and Christine Debouck are the lessees of a cooperative apartment in a building located at 420 East 72nd Street, New York, New York. Plaintiffs allege that beginning in 2002, and at various times thereafter, excessive and unhealthy heat and humidity existed in the apartment during the summer months, which was caused by defendant’s negligence or intentional failure to keep in good repair the building, and the building’s equipment and apparatus, including conduits and pipes located within the walls and ceiling of the building and the apartment. Plaintiffs asked defendant to ascertain and remedy the cause of the problem, but to no avail.
*631 In September 2004, moisture infiltrated the master bedroom, causing damage to the bedroom wall. In January 2005 and at various times thereafter, plaster on the apartment’s ceiling began to crack and deteriorate. That same month, plaintiffs demanded that defendant take measures to remedy the situation. Defendant hired a licensed engineer to inspect the apartment and issue a report relating to the findings. In March 2005, the engineer issued two reports, copies of which plaintiffs requested, but defendant refused the request. As a result of defendant’s failure to take measures to remedy the heat and humidity problems in the apartment, plaintiffs commenced this action.
The complaint contains six causes of action for (1) breach of contract; (2) breach of warranty of habitability; (3) breach of contract — partial constructive eviction; (4) legal fees; (5) breach of contract — injunction; and (6) negligence.
In defendant’s prior motion that resulted in this court’s prior decision, defendant sought to broaden the statute of limitations affirmative defense, so that it would not be limited to claims of intentional acts, and to add estoppel and waiver as affirmative defenses. This court granted the motion only to the extent of the statute of limitations affirmative defense, finding that the motion papers indicated that this defense may have merit. It also found that permitting the amendment would not cause prejudice or surprise in that the second amended answer already contained this affirmative defense.
Motion
In asserting the defense of the statute of limitations, defendant argues that plaintiffs cannot avail themselves of the six-year statute of limitations for breach of contract claims, because the gravamen of this action is in negligence, which has a three-year statute of limitations period. Defendant asserts that plaintiffs were aware of the alleged problems in April 2002, months prior to the closing that occurred in June 2002, and that therefore the commencement of this action on February 4, 2006 is untimely.
Plaintiffs contend that a six-year statute of limitations applies, because the majority of the causes of action are contractual in nature, i.e., breach of the lease. Moreover, plaintiffs argue that although the sixth cause of action is based on negligence, which has a three-year period to claim an injury to property (CPLR 214 [4], [5]), the claim is not time-barred because of the “continuing wrong” doctrine.
*632 Defendant is correct in asserting that, in applying a statute of limitations, courts “ Took for the reality, and the essence of the action and not its mere name’ ” (Morrison v National Broadcasting Co., 19 NY2d 453, 459 [1967] [citation omitted]). Here, however, the first cause of action is for breach of the lease, which breach allegedly caused a substantial diminution in the value of the apartment, and is governed by the six-year statute of limitations for breach of contract. Although the complaint alleges that some of the problems were caused by negligence, it also alleges that defendant failed to comply with contractual provisions of the lease requiring it to keep the apartment in good repair.
In arguing that the three-year negligence statute of limitations applies, rather than the six-year contract statutory period, defendant cites three decisions as authority: Alyssa Originals v Finkelstein (22 AD2d 701 [2d Dept 1964], affd without op 24 NY2d 976 [1969]); King v King (13 AD2d 437 [2d Dept 1961]); and Atlas Assur. Co. v Barry Tire & Serv. Co. (3 AD2d 787 [3d Dept 1957]).
In King v King (supra), the Court held that the plaintiff wife’s action to recover from her defendant husband, who depleted their joint savings account, was governed by a six-year statute of limitations for breach of contract, and not the three-year period for conversion, because the withdrawal of the funds was not wrongful. Rather, the husband owed a contractual duty to account for one half of that joint account, which duty was independent of the claim that the wife may have asserted for damages based on a wrongful appropriation of her property.
In Atlas Assur. Co. v Barry Tire & Serv. Co. (supra), the plaintiff sued for the loss of his automobile stolen from the defendant’s parking lot. The Court held that the plaintiffs action was barred by the three-year statute of limitations, noting that although “the duty to use due care to protect the automobile from theft arose from contract, the action [was] still one [of] negligence” (3 AD2d at 787).
Neither case is of particular relevance here. More problematic is Alyssa Originals v Finkelstein (supra), in which the plaintiff alleged that the landlord’s failure to exercise due care in maintaining the property caused rain damage to the plaintiffs personal property. The Court found that the claim was really in negligence, because the lease expressly exempted the landlord from liability for damage to property caused by rain, unless the landlord’s negligence caused the damage.
*633 Similarly, here, paragraph 29 (a) of the lease provides:
“Lessor shall not be liable, except by reason of Lessor’s negligence, for any failure or insufficiency of heat, or of air conditioning (where air conditioning is supplied or air conditioning is maintained by the Lessor), water supply, electric current, gas, telephone, or elevator service or other service to be supplied by the Lessor hereunder, or for interference with light, air, view or other interests of the Lessee” (cross motion, exhibit 1 [emphasis added]).
Thus, it would appear that, based upon Alyssa Originals v Finkelstein, the three-year negligence period would, indeed, apply. However, Alyssa Originals v Finkelstein is a 1964 Second Department decision. More recent and controlling authority indicates a contrary result. In Novita LLC v 307 W. Rest. Corp. (35 AD3d 234 [1st Dept 2006]), the First Department held that a shortened negligence statute of limitations does not apply to a claim seeking breach of contract damages on a claim for property damage, citing Matter of Paver & Wildfoerster (Catholic High School Assn.) (38 NY2d 669, 676 [1976]).
In Novita LLC v 307 W. Rest. Corp. (supra), the plaintiff landlord entered into a lease agreement with the defendant tenants that obligated the tenants to maintain the premises in good repair. During renovations performed by the tenants, the tenants removed a load-bearing wall causing damage to the premises. The landlord commenced the action three years and one day after learning from its architect about the structural defect. The landlord alleged that, under the terms of the lease, the tenants were responsible for any damage to the building caused by their own poor workmanship or negligence. The issue before the Court was whether the three-year statute of limitations for negligence or the six-year statute for breach of contract applied.
As is the case here, the liability was based on a clause in the parties’ lease pertaining to negligence. Yet, the First Department held that the six-year breach of contract statute applied, because (quoting Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d at 676) the claim was “ ‘substantially related to the subject matter of the substantive agreement’ ” and that “ ‘it will not be barred merely because it also would permit recovery in a tort action at law’ ” (Novita LLC v 307 W. Rest. Corp., 35 AD3d at 234). The Court stated further that the “relationship between these parties had its genesis in contract, and the events giving rise to this action directly implicated the landlord-tenant relationship” (id.).
*634 Moreover, in Matter of Paver & Wildfoerster (Catholic High School Assn.) (38 NY2d 669 [1976], supra), the Court of Appeals distinguished between cases involving claims to recover damages for personal injury, which sound essentially in tort, and cases where the action is one for damage to property, where there is a contractual agreement between the parties (id. at 675). The Court discussed an older line of cases that held to the position that defendant asserts here, and it expressly included in that group Alyssa Originals v Finkelstein (22 AD2d 701 [1964], supra), the decision upon which defendant essentially relies. The Court cast doubt on the continuing viability of those cases (Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d at 675) and stated that for actions involving damage to property, the “general tendency has been to allow the plaintiff to elect to sue in contract or tort, as he sees fit” (id.; see also Baratta v Kozlowski, 94 AD2d 454 [2d Dept 1983]).
The second cause of action for breach of the warranty of habitability is governed by the six-year statute of limitations and is not time-barred (CPLR 213 [2]; Witherbee Ct. Assoc. v Greene, 7 AD3d 699 [2d Dept 2004]; see also Solow v Wellner, 86 NY2d 582 [1995]).
The third cause of action alleges that, because of the excessive and unhealthy heat and humidity in the apartment, plaintiffs were constructively evicted from the apartment during the summer months. This cause of action for partial constructive eviction is subject to a one-year statute of limitations (Jones v City of New York, 161 AD2d 518 [1st Dept 1990]; Yokley v Henry-Clark Assoc., 170 Misc 2d 779 [App Term, 2d Dept 1996] [claim based on constructive eviction is actually one for wrongful eviction subject to a one-year statute of limitations]). To the extent that any of the alleged constructive eviction occurred within one year from the commencement of this action, the claim is not time-barred.
The fourth cause of action to recover legal fees is also governed by the six-year statute of limitations, because the claim for such fees is purportedly based upon paragraph 28 of the lease, and, therefore, it is timely.
The fifth cause of action is also based on the lease, and is therefore timely.
The sixth cause of action for negligence is not entirely time-barred, because the breach of the lease and the duty to convey habitable premises “ ‘amounts to a continuous or recurring wrong’ ” that is “ ‘not referable exclusively to the day the origi *635 nal wrong was committed’ ” (1050 Tenants Corp. v Lapidus, 289 AD2d 145, 146 [2001]).
Cross Motion
Plaintiffs seek summary judgment on the first cause of action for breach of the lease that requires defendant to maintain and repair the premises, and the fifth cause of action, enjoining defendant from not performing the maintenance and repairs required by the lease.
Defendant argues that the cross motion is untimely; this court agrees, as the motion for summary judgment was not filed within 60 days of the filing of the note of issue as provided by this Part’s rules and as indicated in the parties’ preliminary conference order dated November 17, 2006. Here, the note of issue was filed on October 26, 2007, and the cross motion for summary judgment was not served until January 25, 2008, three months later.
This matter comes squarely within the principles announced by the Court of Appeals in Brill v City of New York (2 NY3d 648 [2004]), to prevent the filing of “eleventh-hour summary judgment motions,” a practice that “ignores statutory law, disrupts trial calendars, and undermines the goals of orderliness and efficiency in state court practice” (id. at 650, 652).
In Brill, the Court of Appeals concluded that the Supreme Court should not have considered the merits of a summary judgment motion brought by the City of New York almost one year after the filing of the note of issue, as the City gave no explanation for filing the motion after the 120-day limit specified in CPLR 3212 (a). The Court of Appeals stated,
“We conclude that ‘good cause’ in CPLR 3212 (a) requires a showing of good cause for the delay in making the motion — a satisfactory explanation for the untimeliness — rather than simply permitting meritorious, nonprejudicial filings, however tardy ... No excuse at all, or a perfunctory excuse, cannot be ‘good cause’ ” (Brill v City of New York, 2 NY3d at 652; see also Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726 [2004]; Perini Corp. v City of New York (Department of Envtl. Protection), 16 AD3d 37 [1st Dept 2005]).
It has been held that motion courts have no discretion to entertain nonprejudicial, meritorious post-note of issue motions made after a court-imposed deadline, even if made within the statutory maximum 120-day period, unless there is a showing of *636 good cause. (Glasser v Abramovitz, 37 AD3d 194 [1st Dept 2007].) Moreover, these principles with respect to late motions for summary judgment have also been applied to late cross motions for summary judgment (see Colon v City of New York, 15 AD3d 173 [1st Dept 2005]; Thompson v Leben Home for Adults, 17 AD3d 347 [2d Dept 2005]).
Here, plaintiffs failed to proffer any excuse for their failure to timely move for summary judgment. Accordingly, the court is constrained to deny the motion as the requisite “good cause” showing has not been established.
Moreover, plaintiffs’ argument that the cross motion is timely because the cross motion seeks summary judgment on the same causes of action upon which defendant seeks summary judgment, and that, therefore, the court can search the record and grant summary judgment on these causes of action, is unpersuasive.
The court cannot search the record and award summary judgment to the nonmovant, because the issue raised on the motion for summary judgment (statute of limitations) is not the same issue raised by the untimely cross motion (Baseball Off. of Commr. v Marsh & McLennan, 295 AD2d 73, 82 [1st Dept 2002]). A court cannot award judgment to a nonmovant “on an issue not presented by the motions” (Dunham v Hilco Constr. Co., 89 NY2d 425, 429 [1996]; 63-65 Corp. v Prevosti, 28 AD3d 469 [2d Dept 2006] [court can search the record as to an issue that was the subject of another party’s motion]). Although in Dunham v Hilco Constr. Co. (supra), the Court of Appeals stated that “a court may search the record and grant summary judgment in favor of a nonmoving party only with respect to a cause of action or issue that is the subject of the motions before the court” (89 NY2d at 429-430 [emphasis added]), it is clear from that decision that the right to search the record is not available here, although defendant’s motion pertains to all causes of action. Defendant seeks judgment dismissing the entire complaint on the sole ground of statute of limitations, which does not address the merits of the action, whereas plaintiffs seek judgment on the merits of their first and fifth causes of action. As explained by the Court of Appeals: “Apart from considerations of simple fairness, allowing a summary judgment motion by any party to bring up for review every claim and defense asserted by every other party would be tantamount to shifting the well-accepted burden of proof on summary judgment motions.” (Dunham v Hilco Constr. Co., 89 NY2d at 430.)
*637 Accordingly, it is ordered that the motion by defendant 420 East 72nd Street Tenants Corp. is denied; and it is further ordered that the cross motion by plaintiffs Mitchell Gross and Christine Debouck is denied; it is further ordered that within 30 days of entry of this order, plaintiffs shall serve a copy of this order upon defendant with notice of entry.