Whealon v Gramercy Park Residence Corp. (2023 NY Slip Op 01155)

Whealon v Gramercy Park Residence Corp.

2023 NY Slip Op 01155

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Renwick, J.P., Friedman, Gesmer, Singh, Higgitt, JJ. 

Index No. 651595/19 Appeal No. 17425 Case No. 2021-04562 

[*1]Timothy Whealon, Plaintiff- Respondent,
v
Gramercy Park Residence Corp., et al., Defendants- Appellants.

Lewis Brisbois Bisgaard & Smith LLP, New York (Daniel J. Fox of counsel), for appellants.
Feuerstein Kulick, LLP, New York (Richard Trotter of counsel), for respondent.

Order, Supreme Court, New York County (Melissa Crane, J.), entered on or about December 17, 2020, which, to the extent appealed from, denied defendants' motion to dismiss plaintiff's claims for breach of proprietary lease, breach of warranty of habitability, and breach of fiduciary duty as untimely, unanimously affirmed, with costs.
Plaintiff purchased shares for a penthouse apartment in a cooperative residential apartment building owned by defendant Gramercy Park Residence Corporation. Plaintiff alleges that soon after taking took possession of the apartment, he noticed "a black, soot-like dust" staining his walls, ceilings, and several other places. In 2012 and 2013, plaintiff, with defendants' permission, renovated the apartment, installing new windows, doors, ceilings, and a ducted central air conditioning unit. The accumulation of black soot worsened. Plaintiff hired a series of architects, engineers, and other experts to determine the source of the soot. At the suggestion of one of the professionals, plaintiff installed a ducted HVAC return. When black soot continued to accumulate, plaintiff hired an environmental engineer who opined that the source of the problem was the building's inadequately ventilated boiler room. In March 2018, plaintiff commenced this action to recover damages caused by the black soot.
The motion court correctly held that plaintiff's claims seeking to recover damages to his apartment were timely as governed by the six-year statute of limitations for breach of contract. Inasmuch as the claimed damages here arise from a proprietary lease and the asserted liability had its genesis in the contractual relationship of the parties based upon that lease agreement, we find that the six-year statute of limitations was properly applied (see Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389, 396 [1977]; see also Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669, 676 [1976]; Novita LLC v 307 W. Rest. Corp., 35 AD3d 234 [1st Dept 2006]). The court, while properly dismissing plaintiff's gross negligence cause of action and its attendant personal injury damages as untimely, correctly found that plaintiff's damages should be limited to those allowable under the law of damages for contract liability and he may not offer proof of damages allowable in tort (see Sears, Roebuck v Enco Assoc., 43 NY2d at 396).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023